## GREVE and another vs. GANGER.

CONTRACTS. (1) *Promise to employ at a specified price, a contract if accepted.*
(2) *Offer to work not a contract, unless accepted.*

1. If A., proposing to bid as a contractor for certain work to be let by a third party, promises B. to employ him at a certain price to do a part of said work in case A. shall obtain the contract, and B., in consideration of such promise, agrees to do the work at the price named, in the event of A. obtaining the contract,—this is a valid agreement, binding on both parties.

2. But a mere offer or promise of B., in such a case, to do the work at a specified price, in case A. shall obtain the contract, without any promise by A. to employ him at such price in the event named, is not a contract, but is void for want of mutuality.

APPEAL from the Circuit Court for *Manitowoc* County.

Action to recover damages for the breach by the defendant of an alleged executory contract. The averments of the complaint are, substantially, that the plaintiffs having made, or being about to make, proposals to the city of Manitowoc for the construction of certain cisterns therein, it was mutually agreed between the parties that if such proposal should be accepted by the city, and the contract for constructing the cisterns awarded to the plaintiffs, the defendant should make the necessary excavations therefor at a stipulated price per cubic yard, which price the plaintiffs agreed to pay for the work.

The answer contains a general denial. On the trial, the testimony was conflicting as regards the making of the alleged agreement. The defendant refused to make such excavations, and the plaintiffs employed other persons to do the work, and necessarily expended therefor an amount greater than the alleged contract price.

Judgment for the plaintiffs; from which the defendant appealed.

*H. G. & W. J. Turner*, with *J. D. Markham*, of counsel, for appellant, argued that, to constitute a valid contract upon the consideration of mutual promises, the promises must be concurrent and obligatory upon both parties at the same time. *Livingston v. Rogers*, 1 Caines, 583 ; *Tucker v. Woods*, 12 Johns., 190; *Keep v. Goodrich*, id.; 397. No contract is raised by a mere overture or offer to enter into an agreement, not definitely and expressly assented to by both parties. *Eycleshimer v. Van Antwerp*, 13 Wis., 546; 1 Parsons on Con. (6th ed.), 547 and notes; Chitty on Con., 8. 2. It was left entirely optional with the plaintiffs whether they should seek to obtain the contract from the city. Plaintiffs not being bound, defendant was not

bound. *Bradley v. Denton*, 3 Wis., 557; 1 ·Parsons on Con., 448; Chitty on Con., 15.

*Treat & Nash, contra*, contended that mutual promises were made, which constituted the condition of the contract. Plaintiffs incurred a liability to the city of Manitowoc, on the faith of defendant's promise and at his request; and they were damaged by relying on his agreement. As to the consideration of a promise for a promise, see *McNiell v. Reed*, 9 Bing., 68; *Kennaway v. Treleavan*, 5 M. & W., 501; 12 Barb., 502; 12 How., 126. Defendant's obligation attached immediately upon plaintiff's making proposals to the city in accordance with defendant's request. If A. offers to serve B., B. is not obliged to employ A.; but if he does promise to employ him, the promises are mutual and binding. *McNeill v. Reed, supra*. And B.'s obligation is not changed by the fact that A. intends to serve some one· else if B. does not employ him; nor is A.'s obligation affected by the fact that B. intends to employ some one else if A. does not serve him.

LYON, J. It is an elementary principle that the assent of both parties is essential to a valid contract. The minds of the contracting parties must meet, and they must concur as to the terms thereof, or it is no contract. As the principle is sometimes expressed, " there must be a request by one party, and an assent by the other;" and Parsons says: " It becomes a contract only when the proposition is met by an acceptance which corresponds with it entirely and adequately." 1 Parsons on Con., 476.

Again, a promise, to be binding upon the promissor, must be made upon a sufficient consideration. The consideration for the defendant's promise to excavate for the cisterns, is alleged in the complaint to have been the promise of the plaintiffs to employ him to do that work and to pay him therefor the agreed price, *provided* the city should award the cistern contract to the plaintiffs. A promise may be a good consideration for another

promise; and it would seem that the complaint states a good consideration for the alleged promise of the defendant to do the work.

It follows from the above rules of law, that, although the defendant offered to do the work at a stipulated price, it is no contract, and he is not bound by such offer, unless the plaintiffs on their part acccepted the offer, and agreed that the defendant should have the job at that price, if the city should accept their proposal.

The learned circuit judge instructed the jury, *inter alia,* as follows: "If you find for the plaintiffs that there was *an agreement on the part of the defendant* to do the excavating, they are entitled to recover the difference between the contract price, twenty cents per cubic yard, and what it appears from the evidence it was worth to do the work," etc.

This instruction (which appears to be in harmony with the whole charge) rested the plaintiffs' right to recover upon the single condition that the defendant, on his part, agreed to do the work, and practically excluded from the consideration of the jury the questions, whether the plaintiffs assented to the offer of the defendant, and whether they agreed that he should have the job at the stipulated price in case the city should accept their proposal. This was error.

Certain instructions proposed by the defendant's counsel, and refused, seem to be in accordance with the principles above stated. These are as follows: "If the jury find from the evidence that the defendant simply said to the plaintiffs, 'If you get the contract, I will do the work of excavating at twenty cents per cubic yard,' then the contract is void." "Every executory contract must be mutual; that is, both parties must be bound by it. When an executory contract depends for its validity upon the promise of the respective parties, the promises must be mutual in order to bind either party." These proposed instructions may be liable to some criticism, especially the latter, which, in form, asserts an abstract proposition of law;

yet no good reason is perceived why these or equivalent instructions should not have been given.

Other questions are discussed in the arguments of· counsel; but we do not find it necessary to determine them.

*By the Court.* — The judgment of the circuit court is reversed, and the cause remanded for another trial.