H. H. ABRAMS, Appellant, v. JOHN A. SANDHOLM.

Intoxicating Liquors: INJUNCTION: PLEADINGS: AVERMENTS OF PETITION: MOTION FOR MORE SPECIFIC STATEMEMT. In an action to enjoin the sale of liquor by a registered pharmacist holding a permit, on the ground of illegal sales, the petition should specify the illegal sales complained of, and a failure to so specify will render the pleading subject to a motion for more specific statement, when properly presented, under Code, section 3630.

Same. Such a motion, however, will not lie to a paragraph of the petition charging the defendant with using a building as a place for the illegal sale and keeping with unlawful intent.

*Appeal from Polk District Court.*—HON. C. P. HOLMES, Judge.

WEDNESDAY, FEBRUARY 11, 1903.

ACTION in equity, under Code, section 2384, to enjoin defendant from maintaining a liquor nuisance. Defendant's motion for more specific statement was sustained, and, plaintiff electing to stand on his petition, judgment was rendered for the defendant, from which plaintiff appeals.—*Reversed.*

*E. R. Acres* for appellant.

*J. A. McCall* for appellee.

McCLAIN, J.—The essential allegations in the petition filed by plaintiff are that defendant has established, and is keeping, using, and maintaining a certain building, described, as a place for the sale of intoxicating liquors in violation of law, and as a place for the keeping of intoxicating liquors with intent to sell the same in violation of law; also that defendant has heretofore, from day to day;

illegally sold intoxicating liquors in said building and at said place, and has kept intoxicating liquors in said building and at said place from day to day for the purpose and with intent to sell the same contrary to law.

In a motion for more specific statement, sworn to by defendant, it is stated, as matter of fact, that defendant is a registered pharmacist, and has a permit to keep and sell intoxicating liquors on the premises in the plaintiff's petition described; and, on the ground that the petition does not state when or to whom defendant sold intoxicating liquors in violation of law, defendant asks the court that plaintiff be required to state in what way defendant has violated the law relative to the sale of intoxicating liquors, and to specify in his petition the illegal sales made by defendant, if any such were made; giving the names of the persons to whom said sales were made, and the time the same were made, and the particulars constituting the illegality thereof.

No doubt, a general allegation, such as that contained in this petition, is, in general, sufficient, for in this state the keeping of intoxicating liquor for sale is unlawful, and if the defendant desires to bring himself within an exception, as by showing a permit, he should plead the fact. At any rate, it has been so held as to an indictment for maintaining a liquor nuisance. *State v. Jordan*, 39 Iowa, 387. Of course, as the mere fact of the possession of liquor is evidence of keeping for illegal sale (Code, section 2427,) it would not be necessary, in an ordinary case, to charge specifically the particular illegal purpose, or the particular illegal sales, in charging the maintenance of the nuisance. Under the provisions of Code, section 3630, the court may, on motion of a party, require the pleading of the adverse party to be made more definite and certain, when such pleading is so indefinite and uncertain that the precise nature of the charge or defense is not apparent. Such

1. PLEADINGS; averments of petition: motion for more specific statement.

motion is required to point out wherein the pleading is not sufficiently specific, and it is further provided that, if "the reason for such demand exists outside of the pleadings, the motion must state the same and be supported by affidavit."

By the affidavit attached to his motion, defendant showed to the court, as a matter of fact, that he was entitled to keep and sell intoxicating liquors by virtue of his permit. Thereupon it became apparent that the proof of the keeping and sale of intoxicating liquors in the building would not, in itself, show that defendant was maintaining a nuisance. As a permit holder, he might maintain a nuisance in various ways,—as by keeping liquor for sale without requiring signed requests, as provided in Code, section 2394, or by selling or giving liquor to minors or intoxicated persons, or persons in the habit of becoming intoxicated, in violation of the provisions of Code, section 2403. Any illegal sale by him as a permit holder would render him liable to all the penalties of the prohibitory law. Code, section 2399. But we think that when it was made known to the court, in the method authorized by the section relating to motion for more specific statement, that the petition, so far as it alleged illegal sales, did not, under the circumstances, contain any allegation of fact which, if admitted, would entitle the plaintiff to an injunction, then the lower court was justified in requiring that the allegations of the petition be made more specific. We see no reason why, when a permit holder is charged to have violated the law by making illegal sales, he is not entitled to know in what respect it is claimed that he has acted unlawfully, in order that he may join issue and make his defense. The action of the trial court in sustaining the motion for a more specific statement, so far as it related to allegations of illegal sales, was therefore correct.

II.  But in one paragraph of the petition it was alleged that defendant was keeping, using, and maintaining a building, described, as a place for the sale of intoxicating liquors, in violation of law, and as a place for the keeping of intoxicating liquors, with intent to sell the same in violation of law.  As to these allegations, it would be evidently impossible for the plaintiff to state when or to whom illegal sales were made. Whether he maintained the place for the purpose of making illegal sales, or for keeping with intent to make illegal sales, were matters within his own knowledge; and, as to the allegations of this paragraph of the petition, the motion to make more specific with reference to the time and persons was not well taken.  As the petition appears, therefore, to have been good, so far as this paragraph was concerned, and to sufficiently state a cause of action, without the paragraph alleging illegal sales, the lower court erred in rendering judgment against plaintiff, and its action in doing so is therefore REVERSED.

*2. SAME;* ——