A. PUMPHREY, Plaintiff, v. D. M. ANDERSON, Judge, Defendant.

**Intoxicating liquors:** ILLEGAL SALE: CONTEMPT: PLEADING. An information charging the existence of an injunction against the sale of liquors in a certain building and city, and charging a violation thereof by a sale of certain specified intoxicants on such premises to certain named persons on a given day, is sufficiently specific as to time, place and buyers.

**Same:** BURDEN OF PROOF. Prohibition is the rule in this State and the burden is upon the party charged with the illegal sale of liquor to show that he was lawfully operating under the provisions of the mulct law; so that an information charging a violation of an injunctional order absolutely restraining defendant from keeping or selling intoxicants on certain premises, which alleges generally that sales were made thereon in violation of law is sufficient, without negativing the existence of facts which might excuse the defendant.

*Error from Wapello District Court.*

TUESDAY, FEBRUARY 9, 1909.

THE opinion states the case.—*Annulled.*

*E. R. Acres* and *M. S. Odel,* for plaintiff.

*Jaques & Jaques,* for defendant.

SHERWIN, J.—This is a certiorari proceeding to test the validity of an order of the defendant acting as a judge of the district court of Wapello County in striking the plaintiff's petition, and in rendering judgment against him for costs, because of his failure to plead more specifically in response to the defendant's motion for a more specific

statement. The plaintiff filed an information in the district court of Wapello County, alleging, among other things, that on the 14th day of March, 1908, in a certain action then pending in the district court in said county, wherein one George W. Creath was plaintiff and J. H. Mack et al. were defendants, a temporary injunction was issued enjoining and restraining the said Mack from keeping, using and occupying a certain building in the city of Ottumwa for the "purposes of keeping, selling, giving away, or storing therein or on said premises or elsewhere in said county, or this judicial district, intoxicating liquors," and that said decree of injunction was then in full force and effect. The plaintiff further alleged in his petition that the said Mack since the rendition of said decree had kept and sold intoxicating liquors in his place of business in the said county on premises that the petition described, and that said sales were in violation of law and of the said injunction. It was further alleged that on the 21st day of July, 1908, "the said defendant did, in violation of law and of said decree, on the premises aforesaid, sell intoxicating liquors, to wit, beer, to A. G. Stebbins and W. M. Dunwoody, as affiant is informed and verily believes." There was a further general allegation of sales of beer, whisky and other intoxicating liquors to divers persons unknown to the plaintiff. On the allegations above set forth, the plaintiff asked that a warrant issue for the arrest of the defendant Mack, and that he be required to show cause why he should not be punished for contempt. The defendant appeared by counsel, and filed a motion for a more specific statement, in which he asked that the plaintiff be required to state more specifically in what manner defendant had violated said injunction, both generally and in making the alleged sales to A. G. Stebbins and W. M. Dunwoody. The motion also asked that plaintiff be required to give the details of the unlawful sales alleged generally to have been made. In

connection with this motion, the defendant Mack filed his own affidavit, in which he stated that the provisions of the mulct law had been complied with in the city of Ottumwa, that he had paid all taxes assessed against him, and that he was operating a saloon under and in conformity to said mulct law. He further stated in his affidavit that he was unable to prepare his defense to the information, or to subpoena witnesses in support of his contention that he was operating a saloon under the mulct law, unless he was advised as to the "time, place and to whom said alleged illegal sales were made." As we have heretofore said, the court sustained this motion, and, the plaintiff refusing to plead further, the information was dismissed.

There was error in sustaining the motion for at least two reasons: First, it will be noticed that the substance of the defendant Mack's affidavit was that the motion should 1. INTOXICATING be sustained so as to advise him as to the LIQUORS: illegal sale: time, place, and to whom the said alleged il- contempt: pleading. legal sales were made. The plaintiff in his information specifically described the premises where the illegal sales were charged to have been made, and he further stated that illegal sales were made to Stebbins and Dunwoody on said premises on the 21st day of July, 1908. So far, then, as these particular sales were concerned, the charge in the information furnished every requirement demanded by the defendant Mack. The allegation of illegal sales to these parties was in the fourth count of the information, and was clearly sufficient.

In the second place, the injunction, so far as appears from the information and the record before us, absolutely restrained the defendant Mack from keeping or selling in- toxicating liquors on the premises in ques- 2. SAME: burden tion, and under such restraining order the of proof. general allegation of sales in violation of law was sufficient. We have repeatedly held that prohibition is still the rule in this State, and that where a party charged

with a violation of the prohibitory law wishes to excuse himself by reason of the provisions of the mulct law, or other exceptions to the law, he must bring himself within such exceptions by way of defense, and the burden of proving that he was within such exception rests upon him at all times and at all stages of the proceedings. In other words, it is the rule that such matter is wholly defensive and that the state is never called upon to negative the exceptions. If, in proceedings of this kind, the party charged with a violation of an injunction may require the plaintiff to specifically plead evidence, he may shift the burden of proof to the plaintiff, and thus evade the rule of law to which we have referred. In *McGlasson v. Scott,* 112 Iowa, 289, the sufficiency of an information in contempt proceedings similar to these was assailed because it did not specifically name the building wherein the liquor was sold, nor give the names of those to whom sales were charged to have been made, but it was held that the information was a sufficient compliance with the requirement of section 2407 of the Code. To support his ruling in the instant case, the defendant relies upon *Abrams v. Sandholm,* 119 Iowa, 583, but that case was an action in equity in which an injunction was sought to restrain the defendant from continuing a nuisance. The defendant alleged that he was the holder of a permit, and it was there said that upon that showing it was proper to require the plaintiff to allege more specifically the acts constituting the violation of the law alleged. There is a clear distinction between that and the instant case in this respect: The information in the instant case charged the violation of an injunction which was absolute in form, and the defendant Mack could not excuse himself by filing an affidavit that he was operating under the mulct law because a party may be attempting to operate under the mulct law and still be enjoined from keeping a place which has been shown to be a nuisance. Furthermore, as we have heretofore shown, the

fourth paragraph or count of the information was in all respects as specific as was required by the defendant Mack, and for that reason alone the court erred in dismissing the case.

The order is therefore annulled, and the case is remanded for further proceedings not inconsistent with this opinion.—*Annulled.*