F. W. FISHER, Appellant, v. J. T. STOEVENOR & COMPANY, J. T. STOEVENOR and MAY GUENTHER.

**Intoxicating liquors:** NUISANCE: PLEADINGS: SUFFICIENCY. A petition alleging that defendants occupied certain premises and owned and kept therein intoxicating liquors with intent to sell the same in violation of law was sufficiently specific, without further allegations as to how and in what manner the provisions of the mulct law had been violated.

*Appeal from Lee District Court.*—HON. HENRY BANK, JR., Judge.

SATURDAY, JUNE 8, 1912.

ACTION in equity to enjoin a liquor nuisance. Defend-

ants' motion for a more specific statement was sustained in part, and, the plaintiff electing to stand on his petition, judgment was rendered for defendants. Plaintiff appeals. —*Reversed.*

*M. S. Odle* for appellant.

*La Monte Cowles* and *George B. Stewart* for appellees.

SHERWIN, J.—The petition alleged that the said defendant J. T. Stoevenor & Co. and J. T. Stoevenor occupied the premises described, and that they owned and kept on said premises intoxicating liquors with intent to sell the same as a beverage in violation of law. J. T. Stoevenor filed a motion for a more specific statement in which he alleged that he was operating a saloon under the mulct law then in force in the city of Ft. Madison, and that he had complied fully with all the requirements of said law, and he asked that the petition be made more specific in many particulars not necessary to particularly notice. The court sustained the motion to the extent of requiring the plaintiff to state specifically "how and in what manner, if any, the provisions of the mulct law have been violated by the said defendant." The ruling was erroneous. The petition alleged only that the defendant maintained a place and kept there intoxicating liquors with intent to sell the same in violation of law. In *Abrams v. Sandhold,* 119 Iowa, 583, in the second division of the opinion, we held that an allegation to the same effect was not subject to a motion for a more specific statement, and reversed the case because such a motion had been sustained.

We are not disposd to overrule that case, and the judgment herein must therefore be *reversed.*