ELIZABETH KNAUSS, Appellant, v. OTTO GRUENWALD, Appellee.

Intoxicating liquors: NUISANCE: PLEADING: MORE SPECIFIC STATEMENT. Generally the keeping of intoxicating liquor with intent to sell the same as a beverage is presumptively in violation of the law and constitutes a nuisance; and a petition alleging such facts is not subject to a motion for a more specific statement, though accompanied by an affidavit stating that the mulot law was in force and defendant was conducting a saloon thereunder.

*Appeal from Scott District Court.*—HON. WILLIAM THEO-
PHILUS, JUDGE.

SATURDAY, JUNE 8, 1912.

SUIT in equity to enjoin a liquor nuisance. A motion
by defendant for more specific statement was sustained.
The plaintiff elected to stand upon her petition and refused
to amend, whereupon the court dismissed her petition, and
she appeals.—*Reversed.*

*Betty & Betty,* for appellant.

*Theunen & Shorey,* for appellee.

EVANS, J.—The petition charged the defendants with
a maintenance of a liquor nuisance as follows: "Paragraph
2. That the defendants, Otto Gruenwald and August Zol-
ler, have erected and are maintaining a liquor nuisance in
a building situated on a part of the southwest quarter of
section 33, township 78 north, range 3 east of the fifth
P. M., being two and one-half acres in the southwest
corner of the southwest quarter of said section, Scott county,
state of Iowa, wherein they keep for sale and sell in viola-
tion of law intoxicating liquor as a beverage, to wit, ale,
beer, wine, whisky, and other intoxicating liquor, and have
then and there erected and are maintaining a nuisance as
aforesaid." The principal defendant appeared and filed a
motion for more specific statement asking that the plaintiff
be required to state in what particulars the defendant was
violating the law in the sale of intoxicating liquors and in
the maintenance of the alleged nuisance. This motion
was supported by an affidavit showing that the mulct law
was in force in Scott county, and that the defendant was
operating a saloon thereunder, and setting forth in detail
a full compliance with every requirement of the statute in

question. No counter showing was offered by the plaintiff as against such affidavit, and the motion for more specific statement was sustained.

It is the contention of the appellant that her petition was sufficient in its allegations to show the existence of the nuisance, and that the burden was upon the defendant to plead and to prove its alleged defense, and that the trial court had no power or discretion to require a more specific statement from the plaintiff. The question now considered arose when the plaintiff applied for temporary writ of injunction. Generally speaking, the keeping of intoxicating liquors in a place with intent to sell the same as a beverage is presumptively in violation of the law and constitutes a nuisance.

It is the contention of appellee that the facts set forth in his affidavit in question were sufficient to overcome such presumption, and that such facts rendered defendant's conduct consistent with the law, in the keeping of intoxicating liquors with intent to sell the same as a beverage. The appellee defendant's motion and affidavit conformed to section 3630 of the Code.

If it were a question of first impression, the writer hereof would be inclined to sustain the action of the trial court as within the fair limits of judicial discretion and in the interest of orderly procedure. But the question is quite foreclosed by our previous holdings. *Abrams v. Sandholm,* 119 Iowa, 583; *Pumphrey v. Anderson,* 141 Iowa, 140.

The order of the trial court must therefore be,— *Reversed.*