FARMERS AND MERCHANTS STATE BANK, Appellant, v. J. M. SHAFFER, Appellee.

**BILLS AND NOTES:** Fraud—Verdict—Evidence to Support—Sufficiency. Evidence (by reference to *Stotts v. Fairfield,* 163 Iowa 726) held sufficient to sustain a verdict finding the existence of fraud and misrepresentation in the inception of a note.

**BILLS AND NOTES:** Defenses—Holder in Due Course—Jury Not Concluded by Holder's Testimony. The testimony of the holder of a note that, when he purchased the note for value, he had no notice or knowledge of any fraud in the inception of the note, is not necessarily conclusive on the jury. The knowledge of the holder concerning the history out of which grew the note, and his interest in the outcome of the action, may justify the jury in finding that he did have the notice and knowledge which he testifies he did not have. This, too, even in view of Sec. 3060-a56, Sup. Code, 1913, defining what constitutes notice.

**BILLS AND NOTES:** Tainted Note—Holder in Due Course—Burden of Proof. Proof that a note was, in its inception, tainted with

fraud throws the burden of proof upon the holder to make an affirmative showing of good faith.

**BILLS AND NOTES:** Stock of Foreign Corporation as Consideration —**Validity—Burden of Proof.** Sales, in this state, of stock in a foreign corporation which can legally do business in this state only after securing a permit (33 G. A., Ch. 104), are *prima facie*, void; therefore, one seeking to recover on a note confessedly given for the transfer of specified stock in such a corporation has the burden of proof to show that there was authority to issue and sell such stock.

**APPEAL AND ERROR:** Review—**Instruction Not Applicable to Evidence.** Plaintiff, having the burden of showing affirmatively the existence of a certain fact essential to his cause of action, and failing to introduce any evidence to establish such fact, may not complain that an instruction which places on defendant the burden of negativing the existence of such fact has no support in the evidence. In its last analysis, plaintiff has failed to establish his alleged cause of.action, but has been given an unjustifiable chance to recover a verdict.

*Appeal from Hamilton District Court.*—HON. C. G. LEE, Judge.

TUESDAY, OCTOBER 19, 1915.

ACTION at law upon a promissory note. Judgment for defendant. Plaintiff appeals.—*Affirmed.*

*Voris & Haas,* for appellant.

*D. C. Chase* and *Wesley Martin,* for appellee.

SALINGER, J.—The defendant asserts that the note in suit was obtained from him by the fraudulent representations of the agent of payee, and that the plaintiff was not an innocent holder of said instrument. The note was given for shares of stock in a corporation known as the Stotts Signal Company, and made payable to E. S. Stotts, who was the promoter, organizer and principal manager of such company, and the alleged false representations are said to have been made by one Dodge, who negotiated the sale in behalf of Stotts, or of the

company.  These include representations to the effect that the company owned a large and valuable manufacturing plant in Marion, Iowa, and that the plant was free from incumbrance, and that the company was authorized to do business and to issue stock in Iowa.  The defendant asserts that the company did not own or have any such property or assets, and its stock was entirely worthless; and that, by reason of these premises, defendant received no consideration for said note; and that said representations were relied on and the purchase of the stock and the giving of said note induced thereby.

The court withdrew from the jury all save the representation as to the ownership of the plant free from incumbrance, that the corporation was authorized to do business in Iowa and that its stock was issued by proper authority.  Upon these issues, a verdict was returned for defendant.

I. We must decline to hold that there is no evidence upon which a verdict sustaining the charge of fraud and misrepresentation can be sustained.  See *Stotts v. Fairfield,* 163 Iowa 726, which involves an investigation of a

1. BILLS AND NOTES: fraud: verdict: evidence to support: sufficiency.

similar transaction on part of this corporation.  It would serve no useful purpose for us to enlarge upon why we reach this conclusion.

II. Appellant contends that, as a matter of law, plaintiff is a purchaser of the note for value and without notice of the said alleged defenses.  In said other *Stotts* case (163 Iowa 726), we held, upon substantially the same state of facts, that this was a question for the

2. BILLS AND NOTES: defenses: holder in due course: jury not concluded by holder's testimony.

jury, and are disposed to adhere thereto.  This we do, though not unmindful that the officer of the bank, who purchased the note for the bank, testified that he did so without any notice or knowledge of the consideration for which it was given or the sale of the stock to the defendant.  Nor do we overlook the fact that, under the Negotiable Instruments Act (Acts of the 29th G. A., Ch. 130), the purchaser of commercial paper cannot be charged with notice of any defense thereto unless it appear

that he had actual knowledge of the infirmity in such paper "or knowledge of such facts as that his act in taking the instrument amounted to bad faith." But this is a matter for charging the jury, rather than a rule which compels a holding that, under the testimony in this case, this burden was not discharged. The court did charge the jury that defendant had this burden, and did so in explicit terms. A rule of law that a defense is not made out unless certain things be proven is one thing; but for the courts to say that, as matter of law, some particular effort at proof fails to establish such defense, is quite another. The case here, as said, leaves it fairly a question of fact whether the proof required by the law has been made. In view of the circumstances disclosed in the evidence, the denial by the purchasing officer of knowledge or notice was not conclusive on the jury. Surely, the intimate knowledge on his part concerning the inside history and condition of this corporation, his official connection with its management and with the issuance of the very stock sold to defendant, his interest in the result of the trial and other circumstances shown in the record, as well, have sufficient tendency to discredit his denial to make the question so put in issue an appropriate one for the jury. Moreover, when the jury found, as it evidently did, that the note was tainted by fraud in its inception, it put the burden on plaintiff to make an affirmative showing of good faith. On this latter theory, it can avail the plaintiff nothing that

3. BILLS AND NOTES: tainted note: holder in due course: burden of proof.

the evidence for the defendant on this head was weak or wholly lacking. It never discharges a burden of proof that the party who does not have it has failed to establish what it is the duty of his opponent to establish. On the proposition that this was a jury question, see *McNight v. Parsons*, 136 Iowa 390, 396; *Stotts v. Fairfield*, 163 Iowa 726; *Joy v. Diefendorf*, 130 N. Y. 6.

III. The court charged that no recovery could be had on a note given for stock purchased if defendant established that

the payee falsely represented that it had authority to sell stock in Iowa. Appellant concedes that, if the note

**4. BILLS AND NOTES: stock of foreign corporation as consideration: validity: burden of proof.** be obtained in consideration of the transfer of shares of stock made in Iowa, and there is no authority given by the state to sell stock, this is a defense to the note, but insists that there was no evidence that such authority was lacking. In the view we take, it is immaterial whether there was or was not such evidence. We are of opinion that it was the burden of the one claiming under the note to show that the sale of stock by which the note was obtained was an authorized sale. If that be so, then it does not avail the holder of the note that there is no evidence upon this point. Such absence results in the failure of the plaintiff to make the necessary proof, and defendant is not affected by failure of plaintiff to discharge the burden of proof resting upon plaintiff. Chapter 104 of the Acts of the 33rd G. A. requires the filing of certified copies of incorporation, consent to service of process and the payment of a stated fee, as conditions to the right to sell stock. From this are excepted certain associations whose articles of incorporation provide that their business be conducted on a purely mutual and co-operative plan, without capital stock. Stock issued in violation of these requirements is void and may be cancelled at suit of the attorney general, and anything of value received for such stock shall be returned, and if the consideration is labor or other service of an intangible nature, its value shall be a claim against the corporation that issued such stock in exchange therefor. We think the plaintiff who seeks to recover on a note confessedly given for the transfer of specified corporation stock has the burden of showing that there was authority to issue and transfer such stock. We held, in *First National Bank v. Baker*, 57 Iowa 197, that, where it is sought to subject a homestead to execution on the claim that the debt was contracted prior to its purchase,—which, being true, would *prima facie* make the property subject to execution,—the fact that the homestead was purchased

with the proceeds of a sale of a former homestead and is, therefore, exempt notwithstanding the fact that the debt sued on was made before the acquisition of the second homestead, is in such sense the assertion of an exception as that the burden of proof is upon the defendant. "When a party claims a right in derogation of the general law, or when his claim is founded upon an exception of any kind, he shall set forth such claim or such exception particularly in his pleading." Code Sec. 3621; 1 Deemer, Iowa Pleading and Practice (1st Ed.), page 632, Sec. 345, and authorities cited. Whosoever may act only if he have license or permit has the burden of establishing that such license or permit was granted. *Adel League v. Ehmke,* 120 Iowa 464; *Pumphrey v. Anderson,* 141 Iowa 140.

"But where the subject-matter of a negative averment lies peculiarly within the knowledge of the other party, the averment is taken as true, unless disproved by that party. Such is the case in civil or criminal prosecutions for a penalty for doing an act which the statutes do not permit to be done by any persons except those who are duly licensed therefor, as for selling liquor, exercising a trade or profession, and the like. Here the party, if licensed, can immediately show it, without the least inconvenience; whereas, if proof of the negative were required, the inconvenience would be very great." 1 Greenleaf (16th Ed.) pars. 79 and 81.

It appears, too, that, in violation of the express requirement of the statute, the articles of the stock-selling company were not filed in the office of the secretary of state; and, therefore, defendant could not obtain them and so ascertain whether they contained recitals which are a condition precedent to the right to do business in Iowa. While, upon the theory upon which we are proceeding, the defendant was not required to go so far, he did show on the trial that the bank officer who bought the note had been informed by an attorney

that the corporation was liable for a license fee and had no right to do business in Iowa; that this bank officer was at one time an officer of the corporation, and was then so informed; and that this was the reason why the corporation did not take over the property at Marion.

The plaintiff admits that the corporation was organized under the laws of Arizona. The evidence shows it was formed for general purposes, such as repairing automobiles, and that it sold stock. We are of opinion that, *prima facie*, sales of stock by it were void; that such sales could only be made valid after articles were filed and approved as required by statute, and a permit granted in Iowa; and that, therefore, compliance with the law in this regard was for him to establish who sought to recover upon the note; and that, necessarily, absence of evidence in this regard destroys the right of action by the plaintiff without affecting the defense to such action.

It is true that, in the absence of evidence upon the point, the court should not have told the jury that plaintiff could not recover if defendant had shown this want of authority. This was error, because there seems to have

5. APPEAL AND ERROR: review: instruction not applicable to evidence.

been no evidence to which to apply this charge. But that is not an error that plaintiff may complain of. This error gave it more than it was entitled to. Instead of charging that plaintiff could not recover because it had failed to show compliance with said statutory requisites, as might rightly have been done, the court erroneously made it possible for plaintiff to recover because defendant failed to prove noncompliance.

IV. As to all other assignments argued by appellant, we are disposed to hold that they are not well founded.

The judgment is—*Affirmed*.

DEEMER, C. J., LADD and GAYNOR, JJ., concur.