C. L. Ashcraft, Appellee, v. Jake Kriv et al., Appellants.

February 5, 1929.

*Yeaman & Yeaman* and *Jepson, Struble, Anderson & Sifford,* for appellants.

*L. B. Forsling,* for appellee.

Evans, J.—The accident under consideration resulted on May 3, 1927, in Sioux City. The plaintiff was in the employ of the city as a street cleaner, and had been so employed for many years. The defendants were engaged in business in said city. They displayed an advertising sign upon a signboard attached to the front of their building. Its dimensions were 5 x 18 feet. On the date named, the wind, which was blowing strongly, detached said signboard from its moorings, and it fell upon the plaintiff, whereby he suffered serious injury, and was rendered unconscious for a period of time. His right arm was seriously broken; both bones of the forearm were broken midway between wrist and elbow. The upper arm was also broken. Another break occurred close to the elbow joint. The wrist was either

dislocated or broken. He also sustained internal injuries, which were evidenced by internal hemorrhage. In his petition he recited these injuries in the following words: "Breaking his right arm, bruising his back and side, and causing serious internal injury, and which injuries are permanent."

The appellants submit their appeal upon one assignment of error, and this alone is relied upon for reversal. It is the following:

"The court erred in submitting to the jury the question of any bruising to the back and side of the plaintiff and the question of serious internal injuries, for the reason that there is an absolute want of any evidence as to any bruising or injuries to the back and side of the plaintiff, and an absolute want of any evidence as to any internal injuries of any kind or character."

Confining our consideration to the specifications of this assignment, it is urged by appellants that there was no evidence of any "bruising to the back and side," and no evidence of "serious internal injuries," and that the court erred, therefore, in including these in an instruction stating the issues to the jury. The court stated the issues in the terms of the petition, including the quotation therefrom which we have above set forth.

There was evidence of serious internal injuries, to this effect: The plaintiff was first confined to the hospital for about one week, and was then taken home. Two days later, he was returned to the hospital, because of internal hemorrhage, and he was kept there until June 7th following. We think that internal hemorrhages may well be regarded as evidence of internal injury. Being internal, it is not readily diagnosed nor easily specified. The evidence shows that the plaintiff was spitting blood. There must, therefore, have been an internal injury. Any injury resulting in internal hemorrhage and the spitting of blood might well be deemed "serious," and characterized accordingly. Surely it was not an error of law to so characterize it. As to specification of "bruising back and side," it is true there is no direct evidence to that effect. The plaintiff failed to testify to that specific feature of his injury. But the fact that he must have suffered, to some degree, external injury on his body, is shown circumstantially by the fact that the signboard struck him and fell upon him, pinning him to the pave-

ment, and that it was lifted from his person by two men, while he himself was unconscious; and by the further fact that he suffered internal injuries, as indicated by the hemorrhage and the spitting of blood. The jury might find bruising and contusion as an incident to such circumstances. The defendants could not be prejudiced by the use of this language, in any event. In enumerating the elements to be considered by the jury in the measure of damages, this specification was not included. The verdict was for $3,500. It is undisputed that the plaintiff, who was 67 years of age, and in good health, has become incapacitated to perform the duties of his position, and has thereby lost a salary of $910 a year. His arm is quite useless for the purposes of his work, and his disability in that respect is shown to be permanent. The verdict was not immoderate. We hold, therefore, that the specified ground of reversal cannot be sustained.

The judgment below is, accordingly,—*Affirmed.*

ALBERT, C. J., and FAVILLE, KINDIG, and WAGNER, JJ., concur.