ANDERSON BROS. & JOHNSON COMPANY, Appellant, v. SIOUX
MONUMENT COMPANY et al., Appellees.

No. 40566.

OCTOBER 21, 1930.

*George E. McKnight* and *Stason & Knoepfler,* for appellant.

*George H. Bliven* and *S. W. McKinley, Jr.,* for appellees.

FAVILLE, J.—The appellant alleged in its petition that it is a
corporation duly incorporated under the laws of the state of
Wisconsin, and engaged in the business of manufacturing and
selling monuments and memorial work. Appellant alleges that

between certain specified dates it sold and de-
livered to the appellee company, at its instance
and request, several items of merchandise, pay-
ment of which was guaranteed by the appellee
Joy. Appellant alleges that said merchandise
was shipped in pursuance of certain orders which

were signed by the appellee and guaranteed by said Joy. Said orders are in substantially the same general form, except as to price and description of goods. The material portion of said orders is as follows:

"ASHMORE BROS., ZANESVILLE, OHIO.

"Quality Goods — Right Prices — Prompt Shipments.

"We are exclusive representatives for some of the best Granite Manufacturers. See our Advance Cards for list of same. Our specialty stock is Wisconsin Ruby Red. For prices on 'Wisconsin Ruby Red' Monumental Work write us at Zanesville, Ohio, or Anderson Bros., & Johnson Co., Wausau, Wis. When wishing to buy Monumental work of any kind, write Ashmore Bros. for prices.

"Order No. F 5145          Date July 17, 1927

"Manufacturer       Anderson Bros & Johnson Co.

"Ship to Sioux Monumental Co.       Order No. H-590

                                      "July 19, 1927

"At Sioux City, Iowa     When—Soon as can

"How ship     % best route—C. & N. W. Ry.

"All quotations, agreements and contracts are made, and all orders accepted contingent upon strikes, accidents, fire, delays to carriers, floods and high water and other delays unavoidable or beyond our control. We admit no liability for delay, shortage or damage in transit after taking Carrier's receipt for the goods shipped. * * *

"F.O.B. cars Wausau Wis  .       Price $329.00"

(Here follows a description of goods.)

"Payment of above bill guaranteed

" [Signed]  C. L. Joy

          "Sioux Monument Co.

" [Signed]  W. N. Burnham, Mgr.

"Clarence M. Ashmore, Salesman — Please write the manufacturer for information regarding your work."

Appellant alleges that all of said orders and guarantees were accepted by appellee at Wausau, Wisconsin. The appellee, with certain admissions, filed a general denial, and expressly denied that it gave written orders to the appellant as alleged in the petition.

When the case was reached for trial, the appellant swore

one Ashmore as a witness; whereupon, before any evidence had been taken, counsel for the appellee Joy made the following objection:

"If the court please, the defendant C. L. Joy objects to the introduction of testimony on behalf of this plaintiff, for the reason that the pleadings show that said corporation is a Wisconsin corporation, and no showing that they have secured a permit from the state of Iowa to do business in the state and sue on the contract set up herein.

"The Court: The objection is probably good."

Thereafter, the following took place:

"Plaintiff offers to prove by the witness Clarence M. Ashmore that he was simply an agent for the plaintiff, with power only to write up orders and forward them to the plaintiff for acceptance at Wausau, Wisconsin; and the plaintiff offers to prove by the witness Clarence M. Ashmore and Charles W. Johnson that the particular orders involved in this case and the guaranties appearing thereon were accepted by the plaintiff at Wausau, Wisconsin, the orders and guaranties in this case being identified as Exhibits B, D, and F, and also orders H, I, and J, attached to plaintiff's amendment to petition.

"The Court: I don't know how he can testify to that. That would be hearsay on his part.

"Mr. Bliven: To which the defendant C. L. Joy objects, as being incompetent, irrelevant, and immaterial under the issues of this case, an attempt to vary and change a written contract by parol testimony, an attempt to prove matters by witnesses not shown to be in court, and bringing in new and separate issues from those now set forth in the pleadings.

"The Court: It will be sustained. (To which ruling the plaintiff duly excepts.)

"Mr. McKinley: The same objection is made on behalf of the Sioux Monument Company.

"The Court: It will be sustained in both cases. (To which ruling the plaintiff duly excepts.)"

Thereupon the appellees moved the court for a directed verdict, on the ground that the appellant had failed to sustain the

contentions of its pleadings. The motion was sustained, and a verdict was returned under the order of the court, and judgment entered thereon in favor of the appellees and against the appellant for costs.

I. The written instruments were not completed contracts. Each was an order, which contemplated that it should be accepted or acted upon by the other party. We had a similar case before us in *McCormick Harv. Mach. Co. v. Richardson*, 89 Iowa 525, where we reviewed the law in respect to such an order, and said:

" 'A proposal or offer, therefore, must in some way be accepted, to constitute a sale.' Benjamin on Sales (Bennett's Ed. 1892, American notes), p. 73. It has been held that such a writing does not constitute a contract until accepted or acted upon, and that, prior thereto, it may be withdrawn. *Johnson v. Filkington*, 39 Wis. 65; *Church v. Sherman*, 36 Wis. 404; *National Refining Co. v. Miller*, 47 N. W. Rep. (S. D.) 962; *Morris v. Brightman*, 9 N. E. Rep. (Mass.) 512; *Stensgaard v. Smith*, 44 N. W. Rep. (Minn.) 669. See, also, *Greve v. Ganger*, 36 Wis. 369; *Western Historical Co. v. Schmidt*, 14 N. W. Rep. (Wis.) 822; *Graff v. Buchanan*, 48 N. W. Rep. (Minn.) 915; *Thomas v. Greenwood*, 37 N. W. Rep. (Mich.) 196; *Etheredge v. Barclay*, 6 S. Rep. (Fla.) 861. In the light of these elementary principles and of the cases cited, it seems clear that the writing in question does not constitute a contract, in the absence of its acceptance or of any action under it by the party whose duty it is to accept. It does not purport to be a contract between the parties. By it the plaintiff was not obligated to do anything on its part. The plaintiff does not undertake, by the terms of the writing, to ship the twine on the proposed conditions. It is merely a request or a proposition from the defendant to the plaintiff that, if the latter will ship certain goods, he will pay a certain sum therefor at a fixed time. It may be said to be an order, but it lacks an essential element of a contract, mutual assent. Being only a request or order, which required acceptance by the plaintiff to give it the force of a contract, it follows that it might be withdrawn or countermanded at any time prior to its being so accepted. We do not say that the acceptance must be a formal one.

The acceptance might be shown by proving an act done on the faith of the order, such as the shipment of the goods ordered.''

We think the written instruments in suit were orders, and not completed contracts, when signed by the appellees. Something more was necessary before there could be a completed contract: namely, acceptance by the other party.

II. The appellant sought to show by oral testimony that said orders were accepted by the appellant at Wausau, Wisconsin. In other words, the appellant sought to show that said orders became binding contracts in the state of Wisconsin by acceptance by the appellant in said state and the shipment of the goods. The court evidently excluded this evidence on the ground that it was hearsay. At this stage of the record, the oral evidence was certainly not hearsay. Whether the witness had personal knowledge of the acceptance of the orders by the appellant was not disclosed by the evidence. The ruling of the trial court permitted no testimony whatever in behalf of the appellant. This was error. The appellant was entitled to show that the orders were delivered to the witness as agent for the appellant, to be delivered to the appellant, and subject to approval and acceptance by the appellant company, and, if he was competent to testify to the fact, that they were accepted by appellant. This precise question was before us in the case of *McCormick Harv. Mach. Co. v. Richardson*, supra, wherein we said:

''Error is assigned because of the court's ruling permitting the defendant to testify that, when the order was given, it was delivered to the agent subject to the approval and acceptance of the plaintiff company. The defendant pleaded and introduced evidence to show that, at the time the order was signed and delivered to the plaintiff's agent, it was orally agreed that the order should be sent to the plaintiff, or to its general agent, for approval and acceptance, and that it was so sent. It is said by the plaintiff that the defendant was thus permitted to ingraft upon the contract a parol provision. We need not enter into a discussion of the proposition that a complete written contract cannot be altered, changed, or enlarged by a contemporaneous parol agreement. We have no such case before us. As we have said, this writing, on its face, did not purport to be a contract. It was not error to admit evidence to show what was said at the

time the order was made and delivered, touching its acceptance. Such evidence did not tend even to contradict the writing. Under the law, the writing, to be effective to bind the defendant, must be accepted or acted upon by the plaintiff. To show that it was agreed that it should be sent to it for acceptance, was but showing what the law required, before it could bind defendant.'

See, also, *Port Huron Mach. Co. v. Wohlers*, 207 Iowa 826.

Appellant was clearly entitled to show by parol evidence that the orders signed by the appellee were in fact accepted and became binding contracts, and to show the place of such acceptance.

III. It is contended that the appellant cannot recover because it is a foreign corporation, and that the record fails to show that the appellant had a permit to do business in the state  of Iowa, as required by Section 8427 of the Code, 1927. If the appellant could show, as it attempted to do, that the orders in question were solicited and obtained in the state of Iowa, and were sent to the state of Wisconsin, and were there accepted by the appellant, and that the goods in question were shipped to the appellee from the state of Wisconsin in pursuance of such acceptance had in the latter state, such a transaction would not constitute a contract made in this state, as contemplated by Code Section 8427. *Service System v. Johns*, 206 Iowa 1164; *Jos. T. Ryerson & Son v. Schraag*, 211 Iowa ——.

The judgment of the district court must be, and it is,—*Reversed*.

MORLING, C. J., and EVANS, KINDIG, and GRIMM, JJ., concur.