JOHNSON SERVICE COMPANY, Appellee, v. A. A. HAMILTON, Appellant.

No. 44236.

AUGUST 5, 1938.

C. Glenn Garten and Richard F. Boyer, for appellee.

Gillespie & Moody, for appellant.

DONEGAN. J.—In this action the plaintiff brought suit to recover the balance claimed due it under a contract for the installation of a duo-stat and equipment therefor, in connection with the heating system in a flat building owned by the defendant in the city of Des Moines, Iowa. There was a trial to a jury and, at the close of all the evidence, the court sustained the plaintiff's motion for a directed verdict in its favor and entered judgment thereon. Defendant filed a motion to set aside the verdict and judgment and for a new trial, which was overruled. From such judgment and the order of the court overruling defendant's motion to set aside the verdict and judgment and for a new trial, the defendant appeals.

Two errors are alleged and relied on by the defendant for reversal. The basis of the first error relied on is that there was no evidence to show that the plaintiff, a foreign corporation, had secured permission to carry on business in Iowa, and that, without such showing, it could not maintain this action.

In its petition the plaintiff alleged that it "is a corporation organized and existing under and by virtue of the laws of the state of Wisconsin and duly authorized to carry on business in the state of Iowa." In his answer the defendant denied each and every allegation of plaintiff's petition, except those thereafter expressly admitted, modified or plead to. The answer contained no admission, modification or plea to the allegation of the petition that the plaintiff was duly authorized to carry on business in the state of Iowa. The appellant contends that, under the statutes of this state, it was not only incumbent upon the appellee to plead, but also to prove this allegation; that the proof of such authorization is a condition precedent to the plaintiff's right to maintain this action; and that, in the absence of proof

of such condition precedent, the trial court was in error in directing a verdict for the plaintiff. The appellee's position is, that the provisions of the statutes in question apply only to *stock* corporations; that there was no evidence that the plaintiff is a *stock* corporation; and that the allegation of plaintiff's petition that it was duly authorized to carry on business in the state of Iowa was not put in issue by the general denial of defendant's answer, and there was no burden on plaintiff to present proof to support it. Section 8420 of the Code of Iowa, 1935, requires that any corporation for pecuniary profit organized under the laws of another state that desires to transact business in this state shall file with the secretary of state a certified copy of its articles of incorporation and request the issuance to it of a permit to transact business in this state. Sections 8421 to 8425 inclusive, contain further provisions in regard to the contents of the application, the investigation to be made by the secretary of state, the fees to be paid before permit issues, and other matters not here involved. Sections 8426 and 8427 of the Code of Iowa, 1935, are as follows:

"8426. Issuance of permit—effect. The secretary of state shall thereupon issue to such corporation, a permit, in such form as he may prescribe, for the transaction of the business of such corporation, and upon the receipt of such permit said corporation shall be permitted and authorized to conduct and carry on its business in this state.

"8427. Denial of right to sue. No foreign stock corporation doing business in this state shall maintain any action in this state upon any contract made by it in this state unless prior to the making of such contract it shall have procured such permit. This prohibition shall also apply to any assignee of such foreign stock corporation and to any person claiming under such assignee of such foreign corporation or under either of them."

It is undisputed in the evidence and is conceded in argument, that the contract here sued on is an Iowa contract, and, under the express provisions of section 8427, the plaintiff would have no right to maintain this action, without previously having procured the permit required by the statutes, unless, as contended by plaintiff, the burden was on the defendant to show that the plaintiff was a *stock* corporation and that it had not obtained a permit to carry on business in this state.

554

The language of section 8420 is:

"Any corporation for pecuniary profit organized under the laws of another state, * * * which * * * desires hereafter to transact business in this state, * * * shall file with the secretary of state a certified copy of its articles of incorporation, * * * accompanied by a resolution of its board of directors or stockholders authorizing the filing thereof, * * * and requesting the issuance to such corporation of a permit to transact business in this state, * * *."

Appellee has not cited, and we know of no authority holding that this statute is not applicable, unless it first be shown that the corporation involved is a *stock* corporation. The statute refers to corporations for pecuniary profit. The business in which the appellee was engaged in transacting in this state, under its contract with appellant, appears to us to be such as is ordinarily carried on for the purpose of pecuniary profit, and, even if the burden were on the defendant in this regard, we think the nature of the business transacted was such as to raise a presumption, at least, that the appellee was a corporation for pecuniary profit. Such was the holding under a similar statute of the state of New York in Portland Co. v. Hall & Grant Const. Co., 123 App. Div. 495, 108 N. Y. S. 821, and in Wilson & Co. v. Bazaar, Sup. 168 N. Y. S. 188.

▮ Nor are we able to agree with the appellee's contention that the general denial in appellant's answer was not sufficient to put in issue the allegation of the petition that the plaintiff was duly authorized to transact business in the state of Iowa. Under appellee's contention, not only was there no burden on it to plead and prove its right to carry on business in this state, but such issue could only be raised by the defendant by specially pleading facts showing appellee's failure to procure a permit, and the burden was on the defendant to prove the facts thus plead. In support of this contention, appellee quotes from Fletcher Cyclopedia Corporations and Thompson on Corporations, to the effect that, in the absence of evidence to the contrary, it will be presumed that a foreign corporation doing business in the state has complied with the statute prescribing condition precedent to its right to do so. In another paragraph in Fletcher Cyclopedia Corporations, however, we find the statement:

"Certain Courts have nevertheless held that in a suit by a foreign corporation, the complaint, petition or declaration must set forth compliance by the foreign corporation with the conditions imposed upon foreign corporations as a condition precedent to the right to do business in the State, and such compliance *must be proved* by the plaintiff."

Likewise, in another paragraph in Thompson on Corporations, we find this statement:

"On the other hand, a few courts have held that compliance with the local statute is a condition precedent to the right to maintain an action in the local courts, and must, therefore, be *pleaded and proved* in an action by such foreign corporation. In other words, a foreign corporation which commences an action in another state, and discloses upon the face of its pleading that it is a foreign corporation, must either show a compliance with the state laws entitling it to do business within the state, or else show by the facts constituting its cause of action, that the contract sued upon does not arise out of a domestic transaction or by reason of doing business within the state."

Cases are cited from several states as following the rule announced in these quotations, but, although Iowa is not mentioned as one of the states in which this rule has been followed, we think the decisions of this court have been in accord with the decisions of the courts in the states mentioned. The case of Farmers & Merchants State Bank v. Shaffer, 172 Iowa 173, 154 N. W. 485, was an action on a promissory note. The note was given for shares of stock in a corporation organized under the laws of Arizona, which were sold by the corporation in Iowa. In holding that the burden was on the one attempting to enforce the payment of the note given for such stock, to show that the corporation had the right to do business in this state, we said, (page 177 of 172 Iowa, page 487 of 154 N. W.):

"Appellant concedes that, if the note be obtained in consideration of the transfer of shares of stock made in Iowa, and there is no authority given by the state to sell stock, this is a defense to the note, but insists that there was no evidence that such authority was lacking. In the view we take, it is immaterial whether there was or was not such evidence. We are of opinion that it was the burden of the one claiming under

the note to show that the sale of stock by which the note was obtained was an authorized sale. If that be so, then it does not avail the holder of the note that there is no evidence upon this point. Such absence results in the failure of the plaintiff to make the necessary proof, and defendant is not affected by failure of plaintiff to discharge the burden of proof resting upon plaintiff. Chapter 104 of the Acts of the 33d G. A. requires the filing of certified copies of incorporation, consent to service of process and the payment of a stated fee, as conditions to the right to sell stock. * * *

"The plaintiff admits that the corporation was organized under the laws of Arizona. The evidence shows it was formed for general purposes, such as repairing automobiles, and that it sold stock. We are of opinion that, *prima facie,* sales of stock by it were void; that such sales could only be made valid after articles were filed and approved as required by statute, and a permit granted in Iowa; and that, therefore, compliance with law in this regard was for him to establish who sought to recover upon the note; and that, necessarily, absence of evidence in this regard destroys the right of action by the plaintiff without affecting the defense to such action."

In New York, where the statutory requirements are similar to those of Iowa, it was held in East Coast Oil Company v. Hollins, 183 App. Div. 67, 170 N. Y. S. 576, that, where a complaint alleged that the plaintiff was a foreign corporation and declared on a New York contract, without alleging compliance with the statutory requirement of obtaining a permit to do business in that state, such complaint was subject to a demurrer. In the case of Wilson & Company v. Bazaar, Sup., 168 N. Y. S. 188, plaintiff, an Illinois corporation, sold goods consisting of meats and provisions, in the state of New York. On the trial of the case plaintiff failed to prove its permit to do business in New York, and the defendant offered no evidence. The trial court overruled plaintiff's motion for a directed verdict and sustained defendant's motion for nonsuit, and the action of the trial court was affirmed on appeal. In Wood & Selick v. Ball, 190 N. Y. 217, 83 N. E. 21, in refusing to allow a recovery where there was a failure to show that a foreign corporation had a permit to do business in New York, the court said (page 23):

"It is suggested that a recovery ought to be permitted, if possible, because the defendant had the goods, and it is equitable that she should be compelled to pay for them, but that which a statute prohibits is not equitable. * * * We think that compliance with section 15 of the general corporation law, *should be alleged and proved* by a foreign corporation such as the plaintiff, in order to establish a cause of action in the courts of this state. The cases holding otherwise should be regarded as overruled and the conflict of authority ended." (Italics supplied.)

See, also, League v. Ehmke, 120 Iowa 464, 94 N. W. 938; Pumphrey v. Anderson, Judge, 141 Iowa 140, 119 N. W. 528; Standard Tile & Marble Company v. Detroit Fidelity & Surety Company, 207 Iowa 619, 223 N. W. 365; Anderson Bros. & Johnson Company v. Sioux Monument Co., 210 Iowa 1226, 232 N. W. 689; Sullivan v. Vernon, 121 Ala., 393, 396, 25 So. 600; Lycoming Fire Ins. Co. v. Wright, 55 Vt. 526; Houston Canning Co. v. Virginia Can Co., 211 Ala. 232, 100 So., 104, 35 A. L. R. 912, 914.

We think the burden was upon the appellee to show its compliance with the requirements of the statutes of this state, by procuring a permit to do business in this state, and, in the absence of evidence to sustain such burden, the trial court was in error in directing a verdict for the appellee.

It is apparent from what we have said that this case must be reversed. As such reversal will probably result in a new trial, and, as the evidence upon such new trial may not be the same as that presented at the former trial, we deem it unnecessary to discuss the second ground of error upon which the appellant relies for reversal.—Reversed.

SAGER, C. J., and KINTZINGER, RICHARDS, and HAMILTON, JJ., concur.