GEORGE W. STORK, Appellee, v. MINNIE L. STORK, Appellant.

**APPEAL AND ERROR:** Exceptions—Necessity. Failure to except to ruling precludes review on appeal. (See Book of Anno., Vol. 1, Sec. 11536.)

Headnote 1: 3 C. J. p. 895.

*Appeal from Council Bluffs Superior Court.*—FRANK J. CAPELL,
Judge.

JUNE 21, 1926.

Action in detinue, to recover possession of certain personal
property or the value thereof. The jury was waived, and the
matter tried to the court. From a judgment in favor of plain-
tiff, the defendant appeals.—*Affirmed.*

*Kimball, Peterson, Smith & Peterson,* for appellant.

*Robertson & Robertson,* for appellee.

ALBERT, J.—This action was brought to recover certain
tools and trade fixtures which appellee claims he owns. Appel-
lant claims that she is the absolute owner thereof. The jury
having been waived, the matter was submitted to the court,
which held that appellee was the owner of certain parts of the
property involved, and allowed him to recover $217 therefor.
The finding of the court, of course, has the force and effect of a
verdict of the jury.

No complaint is made of any errors in the admission or re-
jection of testimony. All the errors assigned go to the question
of the sufficiency of the testimony to support the findings of the
court.

Appellee insists that appellant is not entitled to be heard
here because no exceptions were taken in the lower court. An
inspection of the record shows that no exceptions were taken to
the findings of the court or to the judgment entered, and no
motion for new trial was filed. This being so, there is nothing
before us for consideration. *Daniels v. Iowa City,* 191 Iowa 811;
*Gillespie v. Ashford,* 125 Iowa 729; *Coad v. Schaap,* 144 Iowa
240; *Redding v. Page,* 52 Iowa 406; *Soup v. Smith,* 26 Iowa 472.
—*Affirmed.*

DE GRAFF, C. J., and EVANS and MORLING, JJ., concur.