Jones, J.
 

 Counsel for tbe parties have submitted
 
 *330
 
 nine briefs, five on one side and four on the other, in support of their several contentions pertaining to the legal principle that should be here applied, but when the peculiar facts surrounding this transaction are considered the legal problem is not difficult of solution.
 

 Section 178, General Code, provides that before a foreign corporation for profit can transact business in this state it shall procure from the secretary of state a certificate that it has complied with the requirements of law, and that its business to be transacted in this state is such as may be lawfully carried on by it. The section then recites: “No such foreign corporation doing business in this state without such certificate shall maintain an action in this state upon a contract made by it in this state until it has procured such certificate.”
 

 Section 5508, General Code, reads in part: “Every contract made by or on behalf of any such foreign corporation, affecting the liability thereof or relating to its property within this state, before it shall have complied with the provisions of Section one hundred and seventy-eight of the General Code, shall be wholly void on its behalf and on behalf of its assigns, but shall be enforceable against it or them.”
 

 These two sections should be treated as being
 
 in pari materia.
 
 The Virginia corporation was located at Norfolk, Virginia, the Maryland corporation at Baltimore, Maryland, and the Ohio corporation at Columbus, Ohio. The finding of facts declares that the first two were corporations for profit and were transacting business in Ohio. The plaintiffs in error’s contention is that, although the mortgage was executed in this state, since the mortgage transaction was had between the mortgagor, Rarey, and foreign corporations which had not obtained such certificates of compliance, the mortgage, by virtue of those statutes, is wholly void and cannot be enforced by Smith, the present trustee.
 

 Counsel for the defendants in error counter the fore
 
 *331
 
 going argument with the statement that the plaintiffs in error’s contention has been otherwise decided against them by this court, notably in
 
 List
 
 v.
 
 Burley Tobacco Growers’ Co-operative Assn.,
 
 114 Ohio St., 361, 151 N. E., 471, where the second proposition of the syllabus reads: “Acts of such foreign corporation within this state prior to registration within the limitations permitted by the laws of this state are not void.” They also cite the case of
 
 American Soap Co.
 
 v.
 
 Bogue,
 
 114 Ohio St., 149, pages 152 and 153, 150 N. E., 743, where the opinion, discussing both of the foregoing statutes, manifestly supports the legal contention of counsel for the defendants in error. Plaintiffs in error claim that neither of those Ohio cases are germane to the subject, and that in the latter case, especially, the remarks of the judge delivering the opinion are
 
 obiter.
 
 It must be conceded that under statutes similar to these in Ohio, declaring such contracts wholly void, the weight of authority is to the effect that they are not voidable, but void, where the foreign corporation itself attempts to enforce them. The decisions of courts of various jurisdictions upon this feature may be found in the copious notes attached to the case of
 
 State of Kansas
 
 v.
 
 American Book Co.,
 
 found in 2 Ann. Cas., at page 56. However under the facts appearing in this case, we are not driven to decide the point one way or the other, for the reasons hereinafter stated.
 

 In its inception there were three parties to this contract, viz.: The Virginia corporation, which loaned the money through its local agent at Columbus; the borrower, Pet Ann Rarey, who ezecuted the mortgage in Ohio on her Ohio lands; and the Maryland corporation, who acted as trustee, holding title as such for the security of the mortgage notes or bonds. While it is true there were but three parties to the transaction of borrowing and lending, at its inception, there now appear to be other parties who are represented by the
 
 *332
 
 present trustee; they are the parties who had no part in the original transaction, and who are now the real parties in interest, being the note holders, who are asserting their rights to the proceeds of the sale of the mortgaged premises. Smith, as trustee, like his predecessors, has nothing hut a naked legal title to the mortgaged lands, holding the title for the benefit of his
 
 cestuis que trust.
 

 As we view the finding of facts, the only foreign corporation transacting business in this state unlawfully, if it were unlawful, was the Virginia corporation, acting through the medium of its Ohio agency, as found by the trial court. The findings disclose that Rarey made her application for a loan to the Virginia corporation, who granted the loan; that all papers necessary for the completion of the transaction were forwarded to the Virginia corporation, who later sent them to its agent, the Ohio corporation, with instructions to close the loan. If was the Virginia corporation who forwarded a draft for the amount of the loan to the Ohio corporation with instructions to pay off certain liens against the real estate and deliver the balance of the proceeds of the draft to the mortgagor upon her execution of the deed of trust. Conceding that the Virginia corporation who supervised the details relating to the execution of the deed of trust, and who furnished the money to the mortgagor, had engaged in transacting business in this state, it cannot be said that the Union Trust Company, the Maryland corporation, transacted business in Ohio within the purview of the statute. All that the Maryland corporation did, or engaged to do, was to take and hold the trust deed as a trustee for the underlying mortgage notes, which were payable at its office. When the notes were paid the Maryland trustee merely became the custodian of the money for the beneficiaries under the mortgage. So that whatever may be said as to the connection of the Virginia corporation with the
 
 *333
 
 original loan transaction it cannot be reasonably claimed that the Maryland corporation, which was merely a naked legal trustee, was engaged in transacting business in this state; it does not appear that it sought any business in Ohio; it only engaged to be trustee under the mortgage and to pay the notes upon their maturity, at Baltimore.
 
 Security Trust Co. of Freeport, Ill.,
 
 v.
 
 Martin,
 
 178 Ark., 518, 12 S. W. (2d), 870;
 
 Monaghan & Murphy Bank
 
 v.
 
 Davis,
 
 27 Ariz., 532, 234 P., 818;
 
 Peoples Bldg. Loan & Savings Assn.
 
 v.
 
 Berlin,
 
 201 Pa., 1, 50 A., 308, 88 Am. St. Rep., 764;
 
 Martin, Trustee,
 
 v.
 
 Bankers Trust Co.,
 
 18 Ariz., 55, 156 P., 87, Ann. Cas., 1918E, 1240. The syllabus in the latter case is in point, the fifth proposition reading as follows : “In an action by a foreign corporation as trustee to foreclose a deed of trust, bondholders secured by the deed of trust being the real parties in interest, even if the plaintiff were disqualified to act for failure to comply with the requirements relating to foreign corporations, the bondholders would be substituted as plaintiffs and judgment entered according to their rights.” That is a sound legal proposition. For if it be conceded, which we do not, that the first trustee, located in Maryland, was prevented from instituting action in this state, the real parties in interest here had no connection with the claimed unlawful transaction and should not be affected by the disqualification of their trustee.
 

 Section 5508, General Code, provides that contracts made by a foreign corporation before it shall have complied with Section 178, General Code, “shall be wholly void on its behalf and on behalf of its assigns, but shall be enforceable against it or them.” That section does not attempt to penalize all parties to the contract. It only penalizes the foreign corporation and the assignee of its own contract. Its plain intent is to penalize the foreign corporations who fail to comply with our laws of registration, and so that they
 
 *334
 
 may not circumvent our laws by assignment of tbeir contracts it penalizes tbeir assignees as well; tbe statute does not invalidate sucb contracts upon tbe part of tbe obligee, tbe other party to tbe contract. Upon tbis phase of tbe case, many of tbe authorities relied on by tbe plaintiffs in error are not in point, as they disclose that tbe foreign corporations themselves were endeavoring to recover upon tbeir outlawed contracts. Sucb was tbe case in
 
 National Sign Co.
 
 v.
 
 Maccar Cleveland Sales Co., supra,
 
 which tbe Court of Appeals found to be in conflict with tbis case. Tbis suit is not predicated upon a liability of tbe Virginia corporation; that corporation was not even a necessary party to tbis action. Tbe gravamen of this action is tbe obligation arising between tbe mortgage debtors and tbe note holders or tbeir trustee who is authorized to enforce that obligation by suit. Section 11244, General Code;
 
 Citizens Savings & Trust Co., Trustee,
 
 v.
 
 Cincinnati & Dayton Traction Co.,
 
 106 Ohio St., 577, 140 N. E., 380.
 

 Again tbe plaintiffs in error contend that contracts inuring to tbe benefit or “on behalf of (tbeir) its assigns” are voided by tbe statute. These notes were notes payable to bearer and needed no assignment or indorsement to pass title. It would be a strained construction to bold that tbe owners of tbe notes or coupons are
 
 “assignees”
 
 within tbe purview of tbe statute. A case similar to tbis, where a lite statute was involved, is
 
 National Bank of Commerce
 
 v.
 
 Pick,
 
 13 N. D., 74, 99 N. W., 63. There tbe North Dakota statute provided that every contract made by or on behalf of any corporation doing business in tbe state without first having complied with tbe provisions of Sections 3261 and 3263 shall be wholly void on behalf of such corporation and its assigns, but any contract so made in violation of tbe provisions of this section may be enforced against sucb corporation. Tbe Supreme Court of that state, in its syllabus, held that:
 
 *335
 
 “The word ‘assign,’ as used in Section 3265, Rev. Codes 1899, does not include the indorsee of negotiable paper who takes the same before maturity, for value, and without notice of defenses thereto.” In another proposition of the syllabus it is held that “A negotiable promissory note, void in the hands of the payee because it is a foreign corporation doing business in the state without having complied with our laws, may be enforced by a bona fide purchaser,” etc.
 

 There is another aspect of this case which furnishes a reason why this judgment should be affirmed. So far as this record discloses the holders of the nine principal notes or bonds, who are represented by the plaintiff trustee, are
 
 bona fide
 
 holders in due course. The conclusion of facts states “that it is not shown who holds the nine principal notes but the same have been negotiated and they are not now owned or held by The Mortgage Security Corporation of America” (the Virginia corporation). Because of the failure to make payments, as required by the mortgage or deed of trust, the mortgage was declared absolute by the trustee in accordance with its terms. The stipulation of facts does not find that the noteholders knew anything of the failure of the foreign corporation to comply with the Ohio laws; nor do the answers of the defendants allege that fact. The findings disclose that the bonds were not only negotiated, but that they were held by others than the Virginia corporation. None of the nine principal notes, aggregating $5,500, were due at the time this suit was brought. They became due severally from September 1, 1929, to September 1,1935, inclusive. It therefore appears that their owners obtained them before maturity. Having procured the bonds before maturity, “every holder is deemed
 
 prima facie
 
 to be a holder in due course.” Section 8164, General Code. In the situation thus presented the following authorities support the right of recovery by the noteholders:
 
 National Bank of Commerce
 
 v.
 
 *336
 

 Pick, supra; Edwards
 
 v.
 
 Hambly Fruit Products Co.,
 
 133 Tenn., 142, 180 S. W., 163. In both of these cases the same defenses were made ajs in this case, that the foreign corporations had failed to comply with the state regulation acts, hut in both cases
 
 bona fide
 
 holders were protected.
 

 Under the facts recited in the pleadings, and found by the trial court, these holders will be presumed to be holders in due course, and Smith, as their trustee, is entitled to recover in this action. The judgment of the Court of Appeals will be affirmed.
 

 Judgment affirmed.
 

 Matthias, Day, Allen, Kinkade and Stephenson, JJ., concur.
 

 Maeshall, C. J., not participating.