E. Van Dyck, Appellant, v. L. D. Abramsohn, Appellee.

No. 41146.

March 8, 1932.

Irvin I. Schlesinger, for appellant.

Sam Abramson, for appellee.

WAGNER, C. J.—The plaintiff began this action at law. The defendant filed her answer, alleging false and fraudulent representations as the inducement to her entering into the contract, and alleging rescission of the contract of purchase of the refrigeration equipment. In a counterclaim or cross-bill, she alleged a contract of purchase by her of the refrigeration equipment; alleged false and fraudulent representations by the plaintiff as the inducement of the purchase by her of said equipment; alleged rescission; alleged therein special damages by reason of the spoilage of meats, because the equipment was not in accord with the representations made by the plaintiff. In her counterclaim or cross-bill, she asked that judgment and decree be entered confirming her rescission; asked for judgment in the sum of $70.00 for the amount which she had previously paid on the purchase price of the equipment; asked for judgment in the sum of $208.97, being the amount of special damages claimed to have been suffered by her by reason of the spoilage of meats; and further asked that a mandatory injunction issue commanding the plaintiff to remove the equipment from her premises, and for such other equitable relief as may be deemed equitable in the premises.

The appellant complains that the court erred in sustain-

ing appellee's motion to transfer the cause to the equity side of the calendar for trial. The appellant is not in position to ask a review of this ruling by this court, for the reason that, as disclosed by the record, he preserved no exception to the ruling. See Section 11537 and Section 10949, Code, 1927; Hogan v. Perkins Bros. Co., 213 Iowa 1175; Stork v. Stork, 202 Iowa 196; Jewett Lumber Company v. Anderson Coal Company, 181 Iowa 950. In the recent case Hogan v. Perkins Bros. Co., 213 Iowa 1175, we said:

"The action was begun at law. On defendant's motion the cause was transferred to the equity calendar for trial. Plaintiff amended and moved to retransfer to law. His motion was overruled. The court ordered a reference. Plaintiff complains of these three rulings. He preserved, however, no exception to either. They are, therefore, not subject to review in this court."

It is therefore manifest that the plaintiff is in no position to insist upon a review of any claimed error made by the court in transferring the cause to the equity side of the calendar for trial.

The written contract for the sale by the plaintiff to the defendant was entered into on September 11, 1930. In defendant's answer and counterclaim she alleged, in substance, that, at and prior to the time of the purchase of the refrigeration equipment, the plaintiff orally represented to her that the refrigeration equipment which plaintiff was seeking to sell to the defendant would at all times provide an adequate degree of temperature for the preservation and protection of meats, provisions, and perishable articles kept for sale in a case, cooler, and grocery box in the store operated by the defendant in the city of Des Moines, and that the coils installed would automatically defrost; that, relying upon such representations, she entered into the contract of purchase, and made a payment in the sum of $70.00; that, at the time said representations were made, she believed them and was induced by said oral representations to enter into the contract of purchase to her prejudice, and but for said representations would not have entered into the contract; that said representations were false and fraudulent, and said refrigeration equipment did not, as represented, maintain an adequate degree of temperature for the preservation and pro-

tection of the meats and provisions and other articles contained in the said case, cooler, and grocery box in the store operated by the defendant, and that the defendant suffered special damages by reason of the spoilage of meats and provisions as the result thereof, in the amount of $208.97; that the said coils would not automatically defrost as represented; that this defendant called the attention of the plaintiff to the aforesaid matters, and that the plaintiff attempted to remedy the trouble, but without avail; that on or about the 20th day of December, 1930, after repeated efforts by plaintiff to remedy said difficulty, she rescinded the contract and caused to be served upon the plaintiff notice of said rescission, and tendered to the plaintiff the refrigeration equipment and demanded the return of the cash payment previously made, and that the plaintiff remove the equipment from her premises; that the same is now on her premises, and that defendant continues her tender and demands for removal of the same.

To set out *in extenso* the testimony as disclosed by the record would be of no benefit to the profession. The testimony in support of the averments of defendant's answer and counterclaim was received without objection by the plaintiff. We have carefully read the record and are abidingly satisfied that the representations were made by the plaintiff; that they were relied upon by the defendant, believing them to be true, and that she was induced thereby to act to her prejudice in entering into the contract of purchase; and that the equipment did not comply with the representations made. It is shown by the record that, on December 20, 1930, the defendant served written notice of the rescission of the contract of purchase upon the plaintiff because of the fact that the refrigeration equipment did not comply with the oral representations made by the plaintiff. In said written notice of rescission, she makes tender of the equipment, and demands that plaintiff remove the same from her premises, and asks judgment for the sum of $70.00, the amount previously paid upon the purchase price, and for the special damages alleged to have been suffered by her. We are fully satisfied, from the record, that, because of the false representations, the defendant was entitled to rescind the contract of purchase.

It will be observed that the contract of purchase was entered into on September 11, 1930. The equipment was in-

stalled in defendant's premises about that time. It will be observed that the notice of rescission was served on December 20, 1930, or a little over three months after the contract was entered into between the parties. The appellant contends that rescission was not made within a reasonable time. The burden is upon the defendant to establish rescission within a reasonable time after ascertaining the falsity of the representations previously relied upon by her. See Blecher v. Schmidt, 211 Iowa 1063; Brennan & Cohen v. Nolan Laundry Company, 209 Iowa 922; State Bank of Iowa Falls v. Brown, 142 Iowa 190; German Savings Bank v. Des Moines National Bank, 122 Iowa 737. What is a reasonable time must be considered with reference to all of the circumstances. A lapse of time which would be unreasonable in one case may be entirely reasonable in another. Blecher v. Schmidt, 211 Iowa 1063. Inducements by the seller for the buyer to retain the equipment, with the assurance that he will make it comply with his representations previously made, are quite important in the determination of this question. See Brennan & Cohen v. Nolan Laundry Company, 209 Iowa 922; Fulton Bank v. Mathers, 161 Iowa 634. In the latter case, we said:

"There was some evidence that their complaints concerning the car were quite promptly made to the appellant, but that they were led to hold the car longer than they otherwise would by the attempts of the appellant to repair it and put it in condition to operate properly."

Likewise, in the instant case, the appellee's complaints as to the failure of the equipment to meet the representations made were met by attempts upon the part of appellant to remedy the matters complained of, and assurances by the appellant that the equipment would be made to comply with the representations. By this method, the defendant was induced to not act toward rescission sooner than she did; and finally the appellant informed the appellee, "We have done all we could, and that's all we can do"; and then the appellee served notice of rescission. In view of the attempts of appellant to remedy the difficulty, and the assurances given the appellee, we agree with the trial court that, under the facts and circumstances of this case, the rescission was made within a reasonable time.

The appellee tendered the equipment at the place where she received it, and has kept the tender good, and this is all that is required in this respect.

Because of the matters hereinbefore discussed, the trial court was right in confirming the rescission and in rendering judgment against the appellant for the $70.00, the amount previously paid by appellee upon the purchase price.

The trial court also allowed the appellee $165.16 for special damages for spoilage of meats. The appellant denied the averments of appellee's counterclaim. Appellee's right to recover for the spoilage of meats was not otherwise attacked. The evidence as to this item was introduced by the appellee and received without objection. The evidence clearly shows that appellee has suffered damage for this item in the amount allowed by the trial court. Under the record as made, we find no error at this point of which the appellant can complain.

The appeal is from the judgment and decree of the trial court. Other matters urged in argument were not raised by the appellant's pleadings nor presented to the trial court. We have repeatedly announced that we will not consider matters not presented to the trial court.

We find no reversible error in the record. The decree of the court below is hereby affirmed.—Affirmed.

EVANS, MORLING, KINDIG, and GRIMM, JJ., concur.