FREDERICK HEYL, Appellant, v. RONALD E. BEADEL et al., Appellees.

No. 44966.

October 22, 1940.

O. M. Slaymaker, R. E. Killmar, and D. D. Slaymaker, for appellant.

E. K. Jones, for appellees.

Stiger, J.—In the year 1936, defendant Ronald E. Beadel was engaged in the business of making and selling ice cream and malted milks in his dairy bar in Osceola, Iowa. During said time, plaintiff conducted a retail drug business in Truro, Iowa, and handled Globe Fountain Freezer products as a jobber. Defendant John Waller owns the building occupied by Beadel, plaintiff claiming that his contract lien is superior to Waller's landlord lien. Ronald E. Beadel is the principal defendant and will be referred to as defendant.

On July 9, 1936, defendant purchased a Globe Fountain Freezer from the Globe Fountain Freezer Company through its agent, Frederick Heyl, plaintiff herein, for use in his business. On July 11, 1936, defendant notified plaintiff that the machine would not freeze his ice cream or make sufficient malted milks. Plaintiff then told defendant his ice cream storage cabinet was not large enough and if he would purchase through plaintiff a Palm Brothers Brine Cabinet sold by the Globe Fountain Freezer Company and a compressor and motor owned by plaintiff the

three units would produce all the ice cream and malted milks required by defendant's business. Pursuant to plaintiff's representations and guaranties, defendant, on July 14, 1936, purchased from the Globe Fountain Freezer Company a Globe Fountain Freezer (the same freezer described in the conditional sales contract dated July 9th) and a Palm Brothers Brine Cabinet and coils under a conditional sales contract identified as Exhibit A. The said contract was assigned to plaintiff by the vendor on September 14, 1936. On July 15, 1936, defendant purchased the compressor and motor from plaintiff under a conditional sales contract identified as Exhibit C.

When plaintiff demanded, on September 18, 1936, the payments due on the contracts defendant advised him that the three units were of no value to him, and rescinded the contracts. On the same day plaintiff commenced this action.

I. Plaintiff, appellant, claims there is no evidence of misrepresentations or warranties inducing defendant to purchase the property that justified a rescission of the contracts by defendant, or, assuming such misrepresentations and warranties were made, the defendant used the units as his own property after he knew they were unfit for the particular purpose for which they were purchased and thus waived all breach of guaranties or misrepresentations.

There is no merit to these assignments of error. The record clearly discloses that the units were of no value to defendant and that he was justified in rescinding the contracts because of misrepresentations and guaranties made by plaintiff.

With reference to the issue of waiver, the evidence shows that after defendant purchased the three units on July 14th and 15th, defendant, on July 27, 1936, wrote plaintiff that the machine was rusting and would not freeze the ice cream and asked him to check the property. Pursuant to this complaint, plaintiff installed a second machine which did not remedy the trouble. When defendant discovered that the units were still defective he wrote plaintiff to come to Osceola and again check the machines as they were not working properly. On September 3, 1936, plaintiff wrote defendant, "I have been trying to get down to see you. But opening school Monday has kept me busy getting ready and book exchanges." The letter then requested

defendant to pay the installment payment then due. Sometime prior to September 18, 1936, defendant discontinued the use of the units, and, on September 18th, rescinded the contracts. Plaintiff does not question the sufficiency of the tender of the property made by defendant. Defendant made prompt complaints to plaintiff who made several replacements, and, as late as September 3, 1936, defendant was justified in believing that plaintiff intended to again inspect the units and attempt to remedy the defects.

It was the duty of defendant to rescind the contracts within a reasonable time after discovering the representations and guaranties relied on by him were false. What is a reasonable time must be determined from all the circumstances. As stated, defendant promptly complained to plaintiff about the property and in response to the complaints plaintiff made replacements and attempted to make the equipment conform to the representations. When it became apparent to the defendant that plaintiff would not or could not remedy the defects he discontinued the use of the units and rescinded the contract a few days thereafter. In view of the circumstances the rescission was made within a reasonable time. See Van Dyck v. Abramsohn, 214 Iowa 87, 241 N. W. 461.

II. Sections 8426 and 8427, 1939 Code, read:

"8426 Issuance of permit—effect. The secretary of state shall thereupon issue to such corporation, a permit, in such form as he may prescribe, for the transaction of the business of such corporation, and upon the receipt of such permit said corporation shall be permitted and authorized to conduct and carry on its business in this state.

"8427 Denial of right to sue. No foreign stock corporation doing business in this state shall maintain any action in this state upon any contract made by it in this state unless prior to the making of such contract it shall have procured such permit. This prohibition shall also apply to any assignee of such foreign stock corporation and to any person claiming under such assignee of such foreign corporation or under either of them."

One of the defenses interposed by defendant to a recovery by plaintiff under the conditional sales contract, Exhibit A, is

that the contract was with Globe Fountain Freezer Company, a foreign corporation; that prior to the making of the contract, the corporation had not procured a permit for the transaction of business in this state; that plaintiff as assignee of the contract did not have a right to maintain an action against defendant in the courts of this state on the contract which was made in this state.

The answer asked that the portion of plaintiff's petition pertaining to Exhibit A be dismissed. The trial court, in his opinion, found for defendant on this issue and dismissed the petition as to conditional sales contract, Exhibit A. The finding of the trial court was in harmony with the decision in the recent case of Johnson Service Company v. Hamilton, 225 Iowa 551, 281 N. W. 127, which holds that the burden is upon the corporation to plead and prove compliance with the statutes requiring a permit to do business in this state. Plaintiff failed to comply with this burden. The opinion of the court was incorporated in the decree by reference. However, the decree went further and quieted title to the freezer and brine cabinet purchased by defendant from the corporation under Exhibit A in defendant.

Plaintiff claims the court erred in quieting title to the property in defendant because (1) plaintiff, and not the corporation, was the real owner of the property, and (2) section 8427, Code, 1939, only provides that a foreign corporation or its assignee cannot maintain an action in the courts of this state on a contract made in this state unless prior to the making of the contract the corporation shall have procured a permit to transact business in this state, and does not declare that the contract is void.

There is no merit to plaintiff's first proposition. The record establishes beyond any question that the defendant purchased the property from the Globe Fountain Freezer Company through plaintiff as its agent.

We agree with plaintiff's second proposition which is, in substance, that the contract, Exhibit A, is not void. The effect of section 8427 cannot be extended beyond its plain terms and clear meaning. The section operates on the remedy and renders such contracts unenforceable in the courts of this state. As the contracts are not declared by the statute to be void they are enforceable subject to the statutory limitation.

In 23 Am. Jur., page 329, section 353, it is stated:

"In the absence, however, of any statute expressly declaring the contracts of a non-complying corporation void, if the courts of the state have not construed the statutes as so declaring, such a corporation is entitled to maintain an action to enforce a contract in the courts of another jurisdiction, or in a Federal court having jurisdiction of the defendant and of the subject matter of the action."

The weight of authority supports our construction of section 8427. See 23 Am. Jur., page 322, section 347, and page 329, section 353; 20 C. J. S., page 73, section 1849. The conditional sales contract, Exhibit A, provides that title to the property would remain in the vendor's name, Globe Fountain Freezer Company, until the purchase price was paid. Under this provision of the contract ownership of the property passed to the vendee, defendant herein, the corporation reserving title as security for the balance of the purchase price. Hansen v. Kuhn, 226 Iowa 794, 285 N. W. 249; Craddock v. Bickelhaupt, 227 Iowa 202, 288 N. W. 109. This interest of the corporation in the property was not affected by section 8427 and it follows that it was error to quiet title to the freezer and brine cabinet in defendant.

III. Were it not for the rescission of the sales contracts by defendant, the court would have been justified in dismissing the petition as to Exhibit A, after which dismissal the plaintiff, as assignee of the contract, would hold the title as security for the unpaid purchase price subject to the provisions of section 8427; that is, a dismissal of the action on the ground that plaintiff could not maintain an action on the contract because of the provisions of section 8427 would have been proper if the contract were in existence. However, defendant had completed his rescission of the sales. By rescinding the contracts, he renounced the contracts and re-invested the title to the equipment in the vendor or its assignee. After the rescission, the interest of the corporation in the property was the same as before the contract was made, that is, absolute ownership. Instead of dismissing the petition as to Exhibit A, the decree should have awarded possession of the property to plaintiff as assignee.

IV. The trial court correctly found that defendant was entitled to rescind, that he accomplished the rescission, denied plaintiff a judgment for the purchase price of the property and properly awarded possession of the property sold defendant by plaintiff under conditional sales contract, Exhibit C, to plaintiff, he being the owner of said property. For the reasons stated, the decree should also have awarded possession of the property sold defendant under Exhibit A to plaintiff.

The case is remanded for modification of the decree in harmony with this opinion.—Modified and affirmed.

HALE, BLISS, SAGER, and OLIVER, JJ., concur.

RICHARDS, C. J., and MITCHELL, J., concur in result.