325 P.2d 853

EAST COAST DISCOUNT CORPORATION, a corporation, Plaintiff and Respondent,

v.

Bryce REYNOLDS et al., Defendants and Appellants.

CREDIT INDUSTRIAL COMPANY, a corporation, Plaintiff and Appellant,

v.

Clayton A. PARKER, Defendant and Respondent.

Nos. 8693, 8841.

Supreme Court of Utah.

May 13, 1958.

White, Arnovitz & Smith, Salt Lake City, for plaintiffs.

Benjamin Spence, Salt Lake City, for defendants.

WORTHEN, Justice.

The above two actions were consolidated for the purposes of appeal. They were heard separately by two different trial courts sitting without a jury in each case. The question involved in both cases is the same and is whether or not Carbozite, Inc., a New York Corporation, hereafter called Carbozite, was doing business in this state so as to void any contracts made by it with local distributors. Plaintiffs are holders in due course of trade acceptances signed by defendants with Carbozite. These trade acceptances were given for property purchased from Carbozite under a dealer franchise contract which the defendants claim Carbozite breached. Defendants contend that the trade acceptances are void under Section 16–8–3, U.C.A.1953, which provides in part:

> "Any foreign corporation doing business within this state and failing to comply with the provisions of sections 16–8–1 and 16–8–2 shall not be entitled to the benefit of the laws of this state relating to corporations * * * ; and every contract, agreement and transaction whatsoever made or entered into by or on behalf of any such corporation within this state or to be executed or performed within this state shall be wholly void on behalf of such corporation and its assignees and every person deriving any interest or title therefrom. * * *"

It is admitted by all parties that Carbozite had not complied with the provisions of 16–8–1 and 16–8–2 and had not qualified to do business within this state at the time the contracts were entered into and the only question is whether or not Carbozite was doing business within the state.

The two judges in the separate actions reached opposite conclusions on this question. In No. 8841 the trial court found that Carbozite was doing business within the state and gave judgment to the defendant. In No. 8693 the trial court found that Carbozite was not doing business in the state within the meaning of the statute and gave judgment to the plaintiff.

The contracts in question were made in Utah between Carbozite and Utah dealers. The contracts granted to each dealer an exclusive franchise in a particular area of the state. The contracts were negotiated on behalf of Carbozite by an agent of Carbozite sent into Utah to solicit and execute these dealer's contracts. The contracts also provided for the sale of products of Carbozite to the dealer and provided that title to these products was to pass to the dealer upon delivery by Carbozite to an interstate carrier at the place of shipment, Chicago, Illinois. The contracts as negotiated between the various dealers and Carbozite, while differing in minor detail, provided terms which are sufficiently identical in their material aspects on the question of doing business within the state that they do

not require separate treatment in this opinion. Some twenty-two of these contracts were negotiated by Carbozite.

Insofar as material to the point in question, Carbozite under the contracts agreed to perform certain acts as follows:

(a) send guaranties to consumers in Utah when requested by the dealer,

(b) advertise through circulars sent directly to the individual addresses of 200 persons whose names were to be submitted by the dealer,

(c) share one-half the expense of newspaper advertising,

(d) furnish literature and advertising matter to the dealer gratis, and

(e) send an agent into the state when requested by the dealer to make calls with the dealer on prospects in order that the dealer might sell Carbozite products to ultimate consumers.

Few, if any, of the acts were actually performed by Carbozite and we are of the opinion that even if they had been performed by the company none of them individually would be sufficient to constitute doing business within the state. However, this is not determinative of the action, for as stated in 23 Am. Jur. Foreign Corporations, Sec. 361, p. 338:

"In any determination of the question whether a foreign corporation is doing business in the state, the fact that none of the several acts or transactions, considered separately, constitute doing business is not conclusive. As stated by Mr. Justice Holmes, the court 'cannot let the fagot be destroyed by taking up each item of conduct separately and breaking the stick. The activities and situation must be judged as a whole. * * *'"

We are inclined to the view that entering into a series of contracts within the state which require certain local acts to be performed in the state, which acts are not merely incidental to the interstate character of the transaction but are separate and distinct therefrom would constitute doing business within the state even though the contracting party breached the contract and failed to perform the acts within the state as agreed. However, in the instant cases it appears to us that the acts to be performed by Carbozite within the state were a part of and incidental to the entire interstate character of the contract.

In the case of Western Gas Appliances, Inc. v. Servel, Inc., 123 Utah 229, 257 P.2d 950, the defendant corporation had a dealer contract with plaintiff and in accordance therewith had performed within the state many of the same acts which Carbozite contracted to perform in this case. In addition in that case the defendant corporation performed additional isolated acts which were purely local. Yet in that case this Court held that these acts were not sufficient to constitute doing business in or-

der to make defendant corporation amenable to service of process in this state.

This case is not as strong a case for doing business as the Servel case, supra, except for the fact that the contracts in question in this case were executed within the state. Regarding the materiality of this fact Fletcher, in Cyclopedia Corporations, Vol. 17, p. 499, states:

"In determining whether a foreign corporation is doing business in the state by entering into contracts with residents thereof, it is not so much the place of contract that is controlling as the place of performance and the things to be done in the state pursuant to the agreement. The mere fact that the contract is made in the state does not bring the foreign corporation within the operation of regulations as to doing business, where no other business of the corporation is transacted in the state, or where the contract relates to dealings and transactions to be carried on outside the state, or to property located outside the state, or *to interstate business,* or to matters preliminary to the carrying on of business in the state." (Emphasis added.)

We conclude therefore that the acts agreed to be performed by Carbozite in the instant cases were interstate in character and were not sufficient to constitute doing business in the state so as to void the contracts.

The judgment in case No. 8693 is affirmed. The judgment in case No. 8841 is reversed. Costs to plaintiff in each case.

McDONOUGH, C. J., and CROCKETT, WADE and HENRIOD, JJ., concur.