CREDIT INDUSTRIAL COMPANY, appellee, v. HAPPEL, INC.,
appellant.

No. 50152.

(Reported in 106 N.W.2d 667)

DECEMBER 13, 1960.

Ries & Osmundson, of Iowa City, for appellant.

Emil G. Trott, Richard H. Plock, Jr., and Edward F. Rate, all of Iowa City, and Carol S. Callaway, of Des Moines, for appellee.

GARFIELD, J.—Plaintiff, Credit Industrial Company, brought this law action in the district court of Johnson County against defendant, Happel, Inc., to recover on three trade acceptances. The petition alleges defendant issued them in payment of materials it purchased from Carbozite Protective Coatings, Inc., that Carbozite endorsed the instruments to Ohmlac Paint & Refining Company, plaintiff purchased them from Ohmlac before maturity without notice and is a bona fide holder in due course and for value, the instruments were presented for payment according to their terms and returned unpaid.

After defendant appeared to the action plaintiff filed its motion for summary judgment supported by affidavit of one of its partners pursuant to rules 237, 238, Rules of Civil Procedure. The affiant verifies the claim and the amount due thereon and states his belief no defense exists against it.

Defendant filed its resistance to plaintiff's motion supported by affidavit of its attorney which states Carbozite and Ohmlac are foreign corporations which had not obtained permits to do business in Iowa and by reason of section 494.9, Code, 1958, could not maintain an action in this state. Also that plaintiff, assignee of Ohmlac, was likewise so prohibited. Defendant also filed its motion to dismiss plaintiff's petition on the same ground. The trial court overruled defendant's motion to dismiss, sustained plaintiff's motion for summary judgment and entered judgment as prayed. Upon this appeal defendant assigns as error each of the two rulings. We hold they are correct.

I. Rule 237, R. C. P., so far as applicable here, states: "Summary judgment may be entered in an action, upon any claim * * * (a) To recover a * * * money demand which is liquidated * * * arising on a negotiable instrument * * * or on any contract * * *." It is clear plaintiff's action is one in which summary judgment may be entered.

Rule 238 provides a plaintiff making such a claim may file a motion for summary judgment supported by affidavit and "Judgment shall be entered as prayed in the motion unless * * * defendant resists it with affidavits showing facts which the court deems sufficient to permit him to defend."

The only facts stated in the affidavit of defendant's counsel in resistance to plaintiff's motion are based upon alleged applicability of section 494.9, Code, 1958. Chapter 494 of the Code provides for issuance of permits to foreign corporations which desire to transact business in this state. And section 494.9 states: "Denial of right to sue. No foreign stock corporation doing business in this state shall maintain any action in this state upon any contract made by it in this state unless prior to the making of such contract it shall have procured such permit. This prohibition shall also apply to any assignee of such foreign stock corporation and to any person claiming under such assignee of such foreign corporation or under either of them."

■ If, as the trial court held, this provision is not applicable here it is apparent the affidavit of defendant's attorney does not state facts which constitute a defense to plaintiff's action and the judgment must be affirmed. "The judgment entered on such a motion depends * * * on * * * whether * * * there is any real issue of fact as disclosed by the affidavits of those who have knowledge of the circumstances." Article by Charles W. Joiner, 32 Iowa Law Review 417, 425. See also Petit v. Ervin Clark Constr. Inc., 243 Iowa 118, 125–127, 49 N.W.2d 508, 512, 513.

■■ II. It is well settled such a statute as section 494.9 has no application to transactions in interstate commerce. Defendant's purchase of materials from Carbozite and issuance of these trade acceptances in payment therefor was such a transaction. To prohibit maintenance of this action even if brought by Carbozite would be a burden upon and interference with interstate commerce in violation of the commerce clause of the Federal Constitution (Article I, section 8, clause 3). Rudy-Patrick Seed Co. v. Roseman, 234 Iowa 597, 605, 13 N.W.2d 347, 351, and citations; Furst v. Brewster, 282 U. S. 493, 497, 498, 51 S. Ct. 295, 296, 75 L. Ed. 478, 481; Stokely-Van Camp, Inc., v. Hackert, S. D. Iowa, 80 F. Supp. 837, 841; Gilliland & Echols Farm Supply & Hatchery v. Credit Equipment Co., 269 Ala. 190, 112 So.2d 331, 334, and citations; East Coast Discount Corp. v. Reynolds, 7 Utah 2d 362, 325 P.2d 853; 17 Fletcher Cyc. Corporations, Perm. Ed., section 8479, pages

598–603; 20 C. J. S., Corporations, section 1840; 23 Am. Jur., Foreign Corporations, sections 275, 377. See also Article by Richard S. Hudson, 8 Drake Law Review 3, 6.

This from Furst v. Brewster, supra (Hughes, C. J.), is directly applicable here: "The ordering and shipment of the goods constituted interstate commerce, and the obligation to pay and the right to recover the amount due, according to the contract pursuant to which the goods were sent, arose in the course of that commerce. * * * Accordingly, when a corporation goes into a State other than that of its origin to collect, according to the usual or prevailing methods, the amount which has become due in transactions in interstate commerce, the State cannot, consistently with the limitation arising from the commerce clause, obstruct the attainment of that purpose."

Cases such as Johnson Service Co. v. Hamilton, 225 Iowa 551, 281 N.W. 127, cited by defendant, are not in point. They involve transactions which were intrastate in character to which section 494.9 applies. Rudy-Patrick Seed Co. v. Roseman, supra, 234 Iowa 597, 605, 13 N.W.2d 347, 351.

III. There is another reason why section 494.9 affords no defense. Plaintiff's petition alleges it is a holder in due course of the negotiable instruments in suit and this is not denied. Even if they had been executed to Carbozite in a transaction to which the statute applied, without Carbozite's compliance therewith, the statute would afford no defense to this action by a holder in due course.

Courts are practically unanimous in holding the fact that negotiable paper has been executed to a foreign corporation, doing business in the state without having complied with a requirement which entitles it to do business there, is no defense to an action on the paper by a holder in due course unless the statute declares the paper is void. Cook v. Weirman, 51 Iowa 561, 2 N.W. 386; Zink v. Dick, 1 Ind. App. 269, 27 N.E. 622; Salitan v. Carter, Ealey & Dinwiddie, Mo. App., 332 S.W.2d 11, 16, and citations; Conrad v. Rarey, 125 Ohio St. 326, 181 N.E. 444, 448; Washington-Dean Co. v. Crow Bros., Tex. Civ. App., 1 S.W.2d 914; Annotation, 12 A. L. R. 1379; 8 Am. Jur., Bills and Notes, section 584; 10 C. J. S., Bills and Notes, section 502b, pages 1105, 1106.

Section 494.9 provides only that a foreign corporation doing business in this state or its assignee may not maintain an action in this state upon a contract made here unless, prior to the making thereof, it shall have procured a permit to transact business in this state. The statute does not make such contracts void. Heyl v. Beadel, 229 Iowa 210, 214, 215, 294 N.W. 335, 130 A. L. R. 994, 998. See also 20 C. J. S., Corporations, section 1849; 23 Am. Jur., Foreign Corporations, section 348, page 324.

The statutory prohibition against the enforceability by an "assignee" of a contract made in this state by a noncomplying foreign corporation does not apply to an endorsee of negotiable paper who is a holder in due course. Alliston Hill Trust Co. v. Sarandrea, 236 App. Div. 189, 258 N. Y. S. 299; National Bank of Commerce v. Pick, 13 N. Dak. 74, 99 N.W. 63; Conrad v. Rarey, supra, 125 Ohio St. 326, 181 N.E. 444, 448; Annotation, 12 A. L. R. 1379, 1380.

It was conceded in oral argument plaintiff has not transacted business in this state. The claim made in the affidavit filed with defendant's resistance to plaintiff's motion for summary judgment seems to be that Carbozite violated section 494.9, therefore it could not sue on the trade acceptances and plaintiff, as an assignee, is likewise prohibited from doing so. We have tried to demonstrate the statute does not apply to the transaction between Carbozite and defendant because it was part of interstate commerce and that, if it did apply, it would constitute no defense to this action because plaintiff is a holder in due course of the trade acceptances.

Defendant argues the trial court should not have found plaintiff was a holder in due course—that defendant had no opportunity to deny such claim. The argument is without merit. Defendant could have set out any facts it desired in its affidavit in resistance to plaintiff's motion for summary judgment. As previously stated, the only facts shown in the affidavit are based upon alleged applicability of section 494.9—there is no denial plaintiff was a holder in due course.

IV. Defendant's motion to dismiss plaintiff's petition, also based upon applicability of 494.9, was properly overruled.

Of course this motion admits all well-pleaded facts in the petition for the purpose of testing their legal sufficiency. Thompson v. Burke Engineering Sales Co., 252 Iowa 146, 106 N.W.2d 351, and citations. The petition alleges facts which entitle plaintiff to recover. For the reasons stated in Divisions II and III hereof plaintiff was not required to plead or prove compliance with Code chapter 494. This is the only respect in which defendant alleges the petition is vulnerable.

V. Defendant filed an amendment to its motion to dismiss. Attached to the amendment is a copy of a claimed contract in which Ohmlac Paint & Refining Company (original endorsee of the trade acceptances) agreed to sell certain products to defendant exclusively for the rest of the year. The amendment alleges this is an Iowa contract "and the subject matter of the suit arose by reason of the execution of this contract."

This amendment does not aid defendant. It is elementary that a motion to dismiss must be based upon matters alleged in the petition. The motion may not sustain itself by its own allegations of fact not appearing in the challenged pleading. Such averments are no proper part of the motion to dismiss and must be ignored. To the extent such a motion is grounded on claimed facts not appearing in the pleading attacked it is like a "speaking" demurrer which will be disregarded. Bales v. Iowa State Highway Comm., 249 Iowa 57, 62, 86 N.W.2d 244, 247, and citations; Herbst v. Treinen, 249 Iowa 695, 699, 88 N.W.2d 820, 823; Van Emmerik v. Vuille, 249 Iowa 911, 914, 88 N.W.2d 47, 49.

We will say however that consideration of the amendment to defendant's motion to dismiss would not call for a reversal of the judgment, especially in view of the undenied fact plaintiff is a holder in due course of the trade acceptances.—Affirmed.

All JUSTICES concur.