HITACHI SALES CORPORATION OF AMERICA, Plaintiff-Appellant,

v.

COMMERCIAL TRUST & SAVINGS BANK OF STORM LAKE, Iowa; Ryan's Musicland Ltd.; and Larry Ryan, Individually, Defendants-Appellees.

No. 2–68808.

Court of Appeals of Iowa.

Oct. 25, 1983.

Steve Hamilton of Hamilton Law Firm, P.C., Storm Lake, for plaintiff-appellant.

John T. Duffy of Connell & Duffy, P.C., Storm Lake, for defendant-appellee bank.

A. Frank Baron of Baron & Wenell, Sioux City, for defendants-appellees Ryan's Musicland and Larry Ryan.

Considered by OXBERGER, C.J., and DONIELSON, SNELL, and SCHLEGEL, JJ.

OXBERGER, Chief Judge.

Plaintiff filed suit to recover collateral in which it held a security interest. In its petition, plaintiff asserted that it had delivered goods to defendant Musicland and had

not been paid. The petition also contained assertions that defendant Larry Ryan had personally guaranteed payment, that the defendant bank had been tendered custody of the goods, that the bank was required to account to Hitachi for the goods, and that plaintiff has performed all conditions precedent to the filing of this action or that the same had been waived by defendants. Hitachi asked for judgment against Larry Ryan and against Musicland for $20,000, plus interest, attorney's fees and costs. It also asked that its security interest be declared senior to that of the bank, and for an order giving plaintiff possession of the goods and requiring the bank to account for the inventory in its possession.

The defendant bank moved to dismiss the petition alleging that the petition failed to state facts which permit it to bring this suit in the State of Iowa, because of the prohibition contained in section 494.9 of the Code of Iowa. In response to the motion to dismiss, Hitachi asserted that section 494.9, which prohibits foreign corporations which have not obtained a permit to transact business in Iowa from suing upon any contract made by it in this state, does not apply to it because of various exceptions contained in chapter 496A. These are also the issues raised on appeal. The court in a calendar ruling stated that plaintiff had failed to show they had the permit required and that further proceedings herein shall be stayed pending plaintiff's compliance therewith. The plaintiff filed a notice of appeal as of right.

On appeal, Hitachi contends that: (1) the order from which it has attempted to appeal as of right is a final judgment or, if it is not, permission to proceed with this appeal should be granted pursuant to rule 1(c) of the Iowa Rules of Appellate Procedure; (2) as a foreign corporation, it is not required to obtain a permit to do business in Iowa if it is transacting business in interstate commerce; and (3) it is not required to obtain a permit because it is attempting to secure or collect a debt, Iowa Code § 496A.103(2)(h) (1983), or accepting sales through independent contractors, Iowa Code § 496A.103(2)(e).

## I. Finality of Judgment

 We believe it is fairly clear that the order from which Hitachi has attempted to appeal is not a final order. Application for appeals of interlocutory decisions or rulings should be taken pursuant to Iowa Rule of Appellate Procedure 2. Attempts to use Iowa Rule of Appellate Procedure 1(c) to avoid applying for permission to take an interlocutory appeal are improper. Hitachi has attempted to appeal as a matter of right, even though it should have been obvious that there was not a final judgment. Notwithstanding the foregoing, we may grant an appeal pursuant to Iowa R.App.P. 1(c). That rule enables us to treat the papers upon which the appeal is taken as though they were an application for interlocutory appeal under Iowa Rule Appellate Procedure 2. As such, an appeal will be granted if we find that "such ruling or decision involves substantial rights and will materially affect the final decision and that a determination of its correctness before trial on the merits will better serve the interests of justice. *See* Iowa R.App.P. 2 and *Weitl v. Moes*, 311 N.W.2d 259, 261 (Iowa 1981).

Section 494.9 bars foreign stock corporations from maintaining actions on their contracts in Iowa courts if they are in violation of that section. Whether Hitachi can go forward with this action at all depends upon whether or not it was required to obtain a permit under section 494.9. Therefore, this interlocutory ruling does involve substantial rights that will materially affect the final decision. We believe that a determination of the correctness of the trial court's interlocutory ruling is proper at this time. Accordingly, we grant the appeal pursuant to Iowa Rule Appellate Procedure 1(c).

## II. Permit Requirement

 Hitachi claims it is not appropriate to enter a stay order effectively terminating this proceeding at the present time without any opportunity having been given

to plaintiff, Hitachi, to prove that this transaction is a transaction in interstate commerce and, thus, exempt from the requirement of section 494.9 of the Code of Iowa. It is well settled that such a statute as section 494.9 has no application to transactions in interstate commerce. *Credit Industrial Co. v. Happel, Inc.*, 252 Iowa 213, 216, 106 N.W.2d 667, 668 (Iowa 1961). If section 494.9 is applicable though, it is the foreign corporation that has the burden of pleading and proving compliance with the statute. *Heyl v. Beadel*, 229 Iowa 210, 214, 294 N.W. 335, 337 (Iowa 1940). However, if the transaction falls within the category of interstate commerce, the plaintiff is not required to plead and prove compliance with Iowa Code chapter 494. *Credit Industrial Co.*, 106 N.W.2d at 670. Therefore, we agree that Hitachi should be given the opportunity to show that the transaction is one within interstate commerce and thus exempt from the working of section 494.9.

We also agree with Hitachi that section 494.9 is qualified by section 496 A.103. *See Nasco Land Development Co., Inc. v. Osborne*, 210 N.W.2d 638 (Iowa 1973). That section exempts foreign corporations from having to procure a certificate to transact business within the state of Iowa if it falls within one of the exceptions. Hitachi claims that it is exempt by way of section 496 A.103(2)(e) and (h), accepting sales through independent contractors and collecting debts. Again we believe that Hitachi should be given the opportunity to show that they are not required to plead and prove section 494.9.

We, therefore, vacate the stay order and remand this case to the trial court for further proceedings in accordance with this opinion.

VACATED AND REMANDED.

HAYDEN and SACKETT, JJ., take no part.